In re **UNITED MAINTENANCE OF AUBURNDALE, INC.,** Debtor.

**Bankruptcy No. 96–14306–8C7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 15, 1998.

Pierce J. Guard, Jr., Lakeland, Florida, for Debtor.

Ralph J. Harpley, Tampa, Florida, Trustee.

*ORDER GRANTING MOTION FOR RECONSIDERATION AND, UPON RECONSIDERATION, DETERMINING FEE APPLICATION OF COUNSEL FOR THE DEBTOR*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This case came on for consideration of the motion for rehearing or reconsideration filed by counsel for the debtor (Document No. 86). The debtor filed this case as a case under Chapter 11 but quickly converted the case to a case under Chapter 7. The motion seeks a reconsideration of the court's determination of counsel's fee application (Document No. 73) that the court memorialized in the order allowing administrative expenses, authorizing disbursements, and directing payment of dividends (Document No. 85).

The basis for counsel's motion is contained in paragraph 6. Counsel recites:

6. This Court without hearing entered its Order Allowing Administrative Expenses, etc. awarding counsel for the Debtor and Debtor–in–Possession the sum of $0.00. This failure to award fees to counsel for the Debtor and Debtor–in–Possession is contrary to the law and the uncontroverted facts before the Court. Further, this denial of fees to counsel for the Debtor and Debtor-in-Possession without an evidentiary hearing to determined [sic] the reasonableness of counsel's fees is a denial of due process under the Constitution of the United States.

It is apparent from counsel's motion that counsel misunderstands what the court in fact did in this case and the applicable law supporting the court's action. To correct counsel's misunderstanding, the court grants counsel's motion for reconsideration and, upon reconsideration, determines counsel's fee application as follows:

*First, What the Court Did:*

After the Chapter 7 trustee filed his preliminary report in this case (Document No. 84) and the time for filing objections expired, the court received the trustee's worksheet. This is the sheet by which the court gives instructions to the trustee as to how to prepare the order allowing administrative expenses, authorizing disbursements, and directing payment of dividends.

Among other things, the worksheet revealed counsel's fee application that requested total fees of $17,002.50 and total costs of $205.58. After applying the debtor's prepetition retainer of $8,000, the application sought the additional net amount of $9,208.08. Upon a review of the fee application itself as well as the entire file (which the clerk submits to me with the worksheet), I wrote on the worksheet in reference to counsel's application:

$8,000.00 fee approved. After crediting retainer, no add'l amounts are allowed. Counsel's benefit to *estate* does not exceed the retainer. Sorry. 9/10/98 CTC

The trustee then prepared and submitted the order allowing administrative expenses, authorizing disbursements, and directing payment of dividends (Document No. 85). Among other things, this order shows the $8,000 retainer and provides that no additional amounts are allowed to counsel. Counsel's timely motion for reconsideration followed.

· *Now, Reconsideration:*

### The Legal Standards

██ The bankruptcy court typically uses the lodestar method in considering fee applications. *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990). The lodestar method is based on multiplying the reasonable number of hours expended on services by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). After calculating the fee according to the lodestar method, the court may consider other factors to adjust the fee upward or downward. *Id.* These factors are set forth in Section 330 of the Bankruptcy Code and in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), which was made applicable to bankruptcy cases in *American Benefit Life Insurance Co. v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291, 1298–1300 (5th Cir.), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). The court should award the full lodestar amount only if the results obtained are excellent. *Hensley* at 435, 103 S.Ct. 1933.

██ Awarding fees in a bankruptcy case is a three-step process. To begin the fee award process, counsel has the initial responsibility to file an application containing sufficient documentation of the amount of time spent and the type of work performed. *First Colonial Corp. of America* at 1299. The court need *not* conduct a hearing unless there are disputed fact issues requiring resolution. *Id.* at 1300.

Next, "[o]nce the nature and extent of the services rendered have been determined, the bankruptcy judge must assess the value of those services. Because judges are familiar with the fees charged by the legal profession and experienced at gauging the quality of legal work, no expert opinion evidence is required on this issue...." *Id.*

Finally, the court must explain its award. *Id.* In explaining its award, however, the court is not required to perform "an hour-by-hour review" when it is "impractical and a waste of judicial resources." *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir.1994).

### Applying the Legal Standards and Determining a Reasonable Fee

The file reflects that the debtor filed this case as a case under Chapter 11 on October 21, 1996. The debtor's business was phosphate mine maintenance and steel fabrication. The debtor's business quickly failed, however, and the court converted the case to a case under Chapter 7 on March 6, 1997, based upon the debtor's motion to convert filed on February 24, 1997.

During the brief time the case was in Chapter 11, the debtor sought and obtained authority to employ counsel and an accountant, sought and obtained authority to pay the principal of the debtor a salary of $1,000 per week, and negotiated a use of cash collateral and adequate protection stipulation with SunTrust Bank that the court included in an order. Of course, counsel also prepared the petition, schedules, and lists and attended the Section 341 meeting. Otherwise, nothing else of substance occurred during the Chapter 11 period.

After the court converted the case to a case under Chapter 7, the Chapter 7 trustee closed the debtor's bank account, sold estate property, collected accounts receivable, and obtained a refund of unearned insurance premiums. The trustee realized $28,530.83 as a result of this liquidation. Counsel for the debtor was not involved in this liquidation, and counsel's services did not assist the trustee in the liquidation process.

The costs and expenses of the Chapter 7 liquidation total $5,927.32. After applying his $8,000 prepetition retainer, counsel seeks the additional amount of $9,208.08 as a Chapter 11 cost and expense of administration. Were the court to award this amount, the estate would be left with $13,395.43 to pay creditors; if the court does not allow any

additional net amounts to counsel, the estate will be left with $22,603.51 to pay creditors.

The allowed claims in this case, in their order of priority, are: two priority claims for employee benefit plans totaling $5,619.40; four priority tax claims totaling $283,037.95; 40 general unsecured claims totaling $390,820.52; and two subordinated (late filed) unsecured claims totaling $20,905.89.

Based on the allowed claims and the amount in the estate to pay these claims after the payment of administrative expenses, the estate will pay in full the two priority claims for employee benefit plans. Whatever is left in the estate will be paid on the priority tax claims, the vast majority of which will nevertheless remain unpaid. In the circumstances of this case, therefore, each additional dollar the court awards debtor's counsel is a dollar that does not go to the priority tax claimants. In any event, nothing whatsoever will remain available to pay unsecured creditors.

According to counsel's fee application, counsel devoted 131.05 hours to representing the debtor from May 15, 1996, through June 25, 1997, a period both well before the case was filed and well after the case was converted. Counsel seeks $17,002.50 for this representation, reflecting an hourly rate of $129.74. For present purposes, the court accepts the hours spent and accepts that the work those hours represent was reasonably necessary to the representation of the debtor in the case. The court also finds the hourly rate to be reasonable. Accordingly, for present purposes, the court does not dispute the amount of $17,002.50 as the lodestar amount in this case.

■ Unfortunately, the value to the estate and its creditors of the services rendered by counsel for the debtor is substantially less than the amount obtained by multiplying the hourly rate by the hours spent. Although not the fault of counsel, the case was a failure. No reorganization occurred. Creditors' claims will not be paid. Nothing counsel did benefited the estate or its creditors other than assisting the trustee with his transition into the case at the time of conversion. When the case was converted to a case under Chapter 7, the Chapter 7 trustee was able to realize only a miniscule sum compared to the amount of claims against the estate. In all likelihood, there would have been more available to pay creditors had the case been filed as a case under Chapter 7 in the first instance.

In this case, the principal of the debtor, not the debtor's creditors, realized the value of counsel's efforts. While the case was a case under Chapter 11, counsel did arrange for the court's approval of the payment by the debtor of a salary to the principal. Counsel also assisted the principal in his attempt to save his investment in the debtor corporation. Although that effort failed, the value of counsel's efforts to the principal is no less because of that failure—but the value to creditors is non-existent.

For these reasons, bankruptcy judges typically do not award fees to debtors' counsel in failed, converted Chapter 11 cases without substantially reducing the lodestar amounts. Counsel who represent Chapter 11 debtors undertake that representation with the knowledge and acceptance of the risk of non-payment. They clearly understand that, if their cases convert to Chapter 7, they likely will receive nothing more than their prepetition retainers. This is so commonly known and understood in the bankruptcy community that I have always handled the matter by merely a handwritten notation on the worksheet as I did in this case. I do not recall ever before writing an order on counsel's fee application in circumstances such as these.

The total amount counsel seeks in this case is $17,208.08, including the small amount of costs. The court reduces the lodestar amount by 54.2 percent based upon the factors explained in this order. Thus, the court allows counsel fees in the amount of $7,794.42 and costs in the amount of $205.58, for a total of $8,000. Because this is the amount of the retainer paid by the debtor prepetition, there remains no additional amount to be paid to counsel. The court finds that this fee represents a reasonable and fair fee for the services rendered in the circumstances of this case.