**In re Andrew Lee STOUT, Debtors.**

**Bankruptcy No. 95–12086–8C7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 10, 1999.

Daniel J. Herman, Largo, FL, for debtor.

Bethann Scharrer, Seminole, FL, trustee.

Mark J. Wolfson, Donald Workman, Tampa, FL, for trustee.

Camille J. Iurillo, St. Petersburg, FL.

## ORDER GRANTING MOTION FOR RECONSIDERATION AND, UPON RECONSIDERATION, DETERMINING FEE APPLICATION OF COUNSEL FOR THE TRUSTEE

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

THIS CASE came on for consideration of the motion for rehearing on order allowing administrative expenses, authorizing disbursements, and directing payment of dividend filed by counsel for the trustee (Document No. 69).

The debtor filed this case on November 17, 1995. Several months later, the Chapter 7 trustee obtained court approval to employ the movant as counsel. The motion seeks a reconsideration of the court's decision on counsel's fee application (Document No. 65 and 66) reflecting the services performed as counsel for the trustee as memorialized in the order allowing administrative expenses, authorizing disbursements, and directing payment of dividends (Document No. 68).

## I.

With one exception, the procedural posture in which this motion comes before the court is the same as the motion determined in *In re United Maintenance of Auburndale, Inc.*, 226 B.R. 275, 276–77 (Bankr.M.D.Fla.1998). That exception is:

Counsel's fee application sought $4,107.03 in fees and $82.80 in costs. On the worksheet, as described in *United Maintenance of Auburndale*, I approved the amounts requested for costs. With regard to the amounts requested for fees, however, I wrote on the worksheet:

$2,500 maximum—or half of the $5,000 benefit recovered. Otherwise, OK. Thanks—CTC

Accordingly, these are the amounts contained in the order allowing administrative expenses, authorizing disbursements, and directing payment of dividends (Document No.68).

## II.

In the motion, counsel recites that, in the fee application, counsel reduced the amount counsel had intended to seek from $5,133.79 to $4,107.03—some 20 percent—to avoid an objection to the application that the United States trustee informed counsel that it intended to make. Counsel also asserts that "[t]he effect of the Court's Order and award of fees in conjunction with the U.S. Trustee's objection has the direct effect of causing [counsel] to be the guarantor of estate operations".

Reading between the lines, it appears that counsel's principal source of concern as expressed in the motion is the court's failure to explicate its decision. The court reviews literally countless worksheets over the course of a year. Happily, the court is able to approve fee applications in the amounts requested in most instances and does so whenever possible.

In some cases, however, the economics of the case make it obvious to anyone that some reduction in fees is required. When

this happens, the court makes a brief notation on the worksheet, such as the notation made in this case. It is the court's thought that such a notation explains the situation to counsel in clear and understandable terms without putting the court to the trouble and burden of preparing a lengthy order.

In view of counsel's motion, however, the court grants the motion for reconsideration and, upon reconsideration, determine counsel's fee application as follows:

### III.

The legal standards applicable to the court's consideration of counsel's fee application are set forth in *United Maintenance of Auburndale,* at 277.

### IV.

The court applies these legal standards and determines a reasonable fee as follows:

The file reflects that the Chapter 7 trustee realized $5,141.54 in this estate: $5,000 of this amount came from the trustee's sale of the debtor's interest in the stock of Stout Jewelers, Inc.; the additional $141.54 comes from interest earned on that $5,000.

Administrative expenses sought in this case include the trustee's fees at the statutory rate of $758.45 and the trustee's expenses in the amount of $34.01. The only other administrative expenses are the attorneys fees and costs for the trustee's attorney, the movant here. Thus, were the court to award the fees as requested, there would remain for distribution to creditors only the amount of $159.25.

Creditors have filed six claims in this case. There is a priority child support claim in the amount of $5,759.95 and five unsecured claims totaling $2,672.25. Given the economics of the case, therefore, only the priority child support creditor will receive any distribution in the case regardless of what the court does with counsel's fee application. No general unsecured creditors will receive anything. Were the court to grant counsel's fee application in the amount of $2,500 as the court indicated on the worksheet, there would remain in the estate for distribution to creditors the amount of $1,766.28. All of this amount would go to the priority child support creditor.

During the administration of the case, the trustee sold the debtor's interest in the stock of Stout Jewelers, Inc., to the other shareholders of the corporation. In connection with that sale, the trustee had to resist claims by the other shareholders that the trustee was bound by a "Buy/Sell Agreement" among the three shareholders. The trustee also had to deal with the fact that the debtor's stock in the corporation was involved in a dissolution of marriage action between the debtor and his wife. Ultimately, the other shareholders agreed to purchase whatever the debtor's interest in the stock was for some $5,000.

Counsel for the trustee handled these matters on behalf of the trustee. Thus, it was counsel's efforts that led to the resolution of the issues resulting in the sale of the stock and the receipt by the estate of the $5,000.

To perform these services, counsel for the trustee devoted the following time at the following rates:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Donald A. Workman | 6.4 | $165.00 | $4,356.00 |
| Charles B. Abbott | 5.1 | 102.90 | 624.79 |
| Paralegal | 1.8 | 85.00 | 153.00 |
| | 33.3 | | $5,133.79 |

As previously explained, counsel reduced this amount by 20 percent and is requesting $4,107.03 in the fee application.

For purposes of this application, the court accepts the hours spent and also accepts that the work those hours represent was reasonably necessary to the representation of the trustee in the case. The court also finds the hourly rates to be reasonable. Accordingly, for present purposes, the court accepts the amount of $5,133.79 as the loadstar amount in this

case and recognizes that counsel has agreed to reduce that amount to $4,107.03.

Unfortunately the value to the estate and its creditors of the services rendered by counsel for the trustee is substantially less than the amount obtained by multiplying the hourly rate by the hours spent and further reducing it by 20 percent as counsel has agreed to do. Although not the fault of counsel, those efforts resulted in the recovery of only $5,000. As the court has previously explained, were the court to allow the amount counsel requests, there would be substantially nothing left in the estate to pay any creditor. Looking at it that way, there would therefore be no benefit whatsoever brought to the estate and its creditors on account of this administration. Instead, the only party to benefit would be counsel.

If counsel's efforts are to be beneficial to the estate, there must be some reasonable return to creditors occasioned by those services. An award of $2,500 as the reasonable fee for counsel's services in this case would allow almost $1,800 to remain in the estate for distribution to creditors. To be sure, this is less than the allowed amount for counsel's services, but it does represent some return to the beneficiaries of the estate while providing some measure of compensation for the work counsel did perform. Indeed, such an award would represent 35.3 percent of the recovery obtained by counsel going to creditors while 50 percent would go to counsel. On the other hand, counsel's request, if granted, would represent only 3.2 percent of the recovery going to creditors while 82.1 percent would go to counsel.

Although the court wishes there were funds available to pay everyone in full, there simply are not the funds available in this case to allow that. The court's allocation of the funds that are available seems substantially more fair and appropriate than is counsel's proposed distribution as represented by counsel's fee application.

The total loadstar amount in this case is $5,133.79. For the reasons described here, the court reduces the loadstar amount by 48.7 percent. Thus, the court allows counsel fees in the amount of $2,500, plus costs in the amount of $82.80, for a total of $2,582.80. The court finds that this fee represents a reasonable and fair fee for the services rendered in the circumstances of this case.

There is nothing new or surprising about this result. Lawyers who represent Chapter 7 trustees know and understand that they will not receive their full loadstar amount when the economics of the case do not permit it, even when the shortfall is through no fault of counsel as is the case here. This is simply one of those unfortunate circumstances in which there is not enough money to go around.

## V.

In view of the foregoing, the court ratifies the order allowing administrative expenses, authorizing disbursements, and directing payment of dividends (Document No. 68) without change.