10 F.3d 776
 William L. LORANGER, individually and as surviving son and
sole heir of Carolyn M. Loranger, deceased, and as
personal representative of the estate of
Carolyn M. Loranger, Plaintiff-Appellant,
v.
Merrett STIERHEIM, etc., et al., Defendants,
Stuart Simon, individually and in his former capacity as
county attorney for Metropolitan Dade County, Stanley Price,
individually and in his official capacity as assistant
county attorney for Metropolitan Dade County, Stuart Sobel,
individually and in his official capacity as assistant
county attorney for Metropolitan Dade County, William
Powell, individually and in his official capacity as
director of the Metropolitan Dade County Public Works
Department and his successors in office, Gonzaldo Gonzalez,
individually and in his official capacity as an employee of
the Public Works Department of Metropolitan Dade County,
Jack Chazen, individually and in his official capacity as
former employee of the Public Works Department of
Metropolitan Dade County, John Doe, individually and in his
(their) official capacity(ies) as employees of Metropolitan
Dade County, and Metropolitan Dade County, a political
subdivision of the State of Florida, Defendants-Appellees.
 No. 88-5179.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 4, 1994.
 
 Michael D. Ray, Neil D. Kolner, Miami, FL, for appellant.
 James J. Allen, Asst. County Atty., Miami, FL, for appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 ON PETITION FOR REHEARING AND SUGGESTION OF REHEARING EN BANC
 Before COX, Circuit Judge, JOHNSON, Senior Circuit Judge, and ATKINS*, Senior District Judge.
 PER CURIAM:
 
 
 1
 As no member of this panel, nor any other judge in regular active service on this court, has requested that this court be polled on rehearing en banc (Rule 35, Fed.R.App.P.; 11th Cir.Rule 35-5), the suggestion of rehearing en banc is DENIED. However, the original panel hereby grants rehearing, withdraws the previous panel opinion dated September 28, 1993, published at 3 F.3d 356 (11th Cir.1993), and substitutes therefor the following opinion:
 
 I. BACKGROUND
 
 2
 This appeal arises out of a dispute between William Loranger ("Loranger") and Dade County, Florida (the "County") regarding a 30' hedge of orange jasmine trees located on Loranger's property (the "hedge"). Between 1978 and 1979, the County issued numerous citations directing Loranger to cut the hedge to 4'.[1] Loranger balked. In 1980, Loranger brought an action in state court seeking to enjoin the County from interfering with the hedge. The County counterclaimed against Loranger alleging trespass. Thereafter, Loranger amended his complaint by asserting several civil rights claims. Before the state court could dispose of the case on its merits, Loranger voluntarily dismissed his claims. The County prevailed on its counterclaim.
 
 
 3
 In 1981, Loranger initiated an action in federal court that gives rise to this appeal. Loranger sued the County, as well as County officials (collectively, the "defendants"), alleging violations of his due process, equal protection and first amendment rights. The district court dismissed Loranger's complaint with leave to amend, holding that the defendants were absolutely immune from suit. Loranger moved to vacate. The district court denied that motion, dismissing Loranger's complaint with prejudice. On appeal, this court reversed and remanded. Loranger v. Stierheim, 696 F.2d 1006 (11th Cir.1982). On remand, the district court directed a verdict for the defendants on the due process claim. The first amendment and equal protection claims went to a jury which returned a verdict of $20,000 in favor of Loranger.
 
 
 4
 In December of 1985, one of Loranger's attorneys, Michael D. Ray ("Ray"), filed a motion for attorney's fees and costs pursuant to 42 U.S.C.A. Sec. 1988.[2] Ray requested $944,775 in fees and $9,671.23 in costs. He bombarded the district court with a vast array of documents in support of his motion for fees and costs. In July 1986, Ray filed photocopies of "contemporaneous" time sheets totalling some 199 pages. Even the typed summary of the time sheets numbered some 82 pages. All in all, the motion, time sheets, and time summaries submitted by Ray exceeded some 400 pages. Such voluminous records reflect all work done by Ray in representing Loranger since 1979--in state trial and appellate courts, federal trial and appellate courts, and work independent of any litigation, state or federal.
 
 
 5
 The district court first ruled on Ray's motion in January of 1988, awarding $35,000 in attorney's fees and $3,181.50 in costs. Ray filed a suggestion for en banc review of the district court's initial fee award by the other judges of the Southern District of Florida. The district court did not circulate the suggestion for en banc review. Loranger, through Ray, moved to recuse the trial judge. The district court denied Loranger's motion for recusal. Loranger attempted to appeal. We declined to review the interlocutory order until final judgment.
 
 
 6
 Thereafter, the district court held a hearing on Ray's request for attorney's fees and costs. This time, the district court awarded Ray fees in the amount of $50,400, finding only 800 hours of the 2907 hours claimed to be allowable hours devoted to the federal litigation. In addition, the district court concluded that only 560 of those 800 hours were compensable. The district court found that a reasonable hourly rate was $75, and that in this case an upward adjustment to $90 was appropriate. Ray appeals from the district court's award, as well as its denial of his motion for recusal. We affirm the district court's order denying Loranger's motion for recusal but vacate the district court's fee order and remand for further consideration.
 
 II. ISSUES ON APPEAL
 
 7
 In this opinion we address the following issues:
 
 
 8
 (1) Whether the district court abused its discretion in denying Ray's motion for recusal.
 
 
 9
 (2) Whether the district court erred in fashioning Ray's fee award.
 
 III. STANDARD OF REVIEW
 
 10
 We review a district court's denial of a recusal motion for abuse of discretion. Jaffree v. Wallace, 837 F.2d 1461, 1465 (11th Cir.1988). Similarly, a district court's order on attorney's fees is reviewed for abuse of discretion. Popham v. City of Kennesaw, 820 F.2d 1570, 1581 (11th Cir.1987). Hence, a district court's order on attorney's fees must allow for meaningful review. See Norman v. Housing Auth., 836 F.2d 1292, 1304 (11th Cir.1988).
 
 IV. CONTENTION OF THE PARTIES
 
 11
 Ray's arguments are prolix. In short, Ray contends that the district court erred in fashioning his award by (1) using an hourly rate of $90, (2) inadequately explaining the reduction in claimed hours, (3) failing to enhance the award as requested and (4) failing to award all the costs claimed. In addition, Ray argues that the district judge erred by failing to recuse himself from this case per 28 U.S.C.A. Sec. 455(a). Ray contends that (1) the two year delay between the motion for attorney's fees and the initial order, (2) the delay between our remand of the initial fee award and the district court's supplemental order, (3) the paucity of the initial award, and (4) the district court's failure to circulate Ray's petition for en banc review, all serve as evidence of the district judge's bias necessitating his recusal.
 
 
 12
 In response to Loranger's motion for recusal, defendants simply argue that the motion is without merit. That is, Ray offers no evidence that would cause a reasonable person to conclude that the lower court was biased.
 
 
 13
 As to the fee award, defendants assert two principal objections to Ray's fee request. First, they argue that the time compensable under 42 U.S.C. Sec. 1988 is the time that was reasonably expended on this lawsuit, and that Ray's fee request seeks compensation for time expended other than on this litigation. Accordingly, defendants argue that the district court correctly found that not all the time Ray claimed was compensable. Second, defendants challenge the time that Ray alleges was expended on this lawsuit. The defendant's objection to Ray's fee request is not that such time was not spent, but rather that the time spent was excessive--i.e., not reasonably expended in the conduct of the litigation--and that the exercise of "billing judgment" requires that the hours be reduced. Moreover, defendants contend that under such circumstances the district court was entitled to reduce Ray's request in gross rather than attempting the impossible task of itemizing those numerous hours for which Ray was not entitled to compensation.
 
 V. DISCUSSION
 
 14
 A. Did the district court err in denying the motion for recusal?
 
 
 15
 Under Section 455(a) "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. Sec. 455(a) (1993). Disqualification under section 455(a) is required only when the alleged bias is personal in nature, however. Phillips v. Joint Legislative Comm., 637 F.2d 1014, 1020 (5th Cir.1981), cert. denied, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982). "[F]or a bias to be personal, and therefore disqualifying, it 'must stem from an extra-judicial source.' " In re Corrugated Container Antitrust Litigation, 614 F.2d 958, 964 (5th Cir.), cert. denied, 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)). Thus, as a general rule, a judge's rulings in the same case are not valid grounds for recusal. Berger v. United States, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1921).[3]
 
 
 16
 Every incident of alleged bias cited by Ray occurred during the district judge's handling of the motion for fees. As none of these grounds "stem from an extra-judicial source," we do not find that the district court abused its discretion in denying Loranger's motion for recusal.
 
 
 17
 However, the fact that a judge's remarks or rulings occur in a judicial context does not necessarily insulate them from scrutiny. In rare cases[4], we have required recusal when "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." Davis v. Board of Sch. Comm'rs, 517 F.2d 1044, 1052 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).[5] Ray's complaints about the trial judge, however, are nothing more than complaints about the judge's timeliness and rulings. Neither the district judge's delay, nor his adverse rulings, constitute the sort of "pervasive bias" that necessitates recusal. Accordingly, we affirm the district court's denial of Loranger's motion for recusal.
 
 
 18
 B. Did the district court err in fashioning Ray's fee award?
 
 
 19
 The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). This "lodestar" may then be adjusted for the results obtained. Id. at 435-37, 103 S.Ct. at 1940-41; Norman v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir.1988). Although a district court has wide discretion in performing these calculations, Hensley, 461 U.S. at 437, 103 S.Ct. at 1941, "[t]he court's order on attorney's fees must allow meaningful review--the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Norman, 836 F.2d at 1304.
 
 1. The reasonable hourly rate
 
 20
 The first step in the computation of the lodestar is determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547-48 n. 11, 79 L.Ed.2d 891 (1984)). The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." Id. By "satisfactory evidence," we mean "more than the affidavit of the attorney performing the work." Id.
 
 
 21
 Ray requested an hourly rate of $125. In support of that rate, he presented the district court with three affidavits, all executed by attorneys in the Dade County area, all testifying that an hourly rate of $125 was reasonable. In opposition to these affidavits, the defendants submitted another attorney's affidavit, testifying that an hourly rate of $60-75 was reasonable. A court, however, "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (citing Campbell v. Green, 112 F.2d 143, 144 (5th Cir.1940)).
 
 
 22
 The district court determined that "[a] reasonable hourly rate of attorneys fee for this cause of action at the time in question for an attorney with the general legal background and experience of the movant is $75.00." (Supp.R.1-400 at 2). The district court rejected Ray's request for $125 per hour as "[a] review of the record and the facts established in the various filings in connection with the attorneys fee motion do not support the higher ($125.00) hourly rate sought by the movant." (Id. at n. 5). Then looking to the difficulty of the case, the contingent nature of the fee and the time limitations imposed, the district court adjusted the hourly rate upwards to $90. (Id. at 2, n. 6).[6] We find that the district court adequately explained how it determined the $90 rate. Accordingly, on remand the district court need not revisit its calculus of the reasonable hourly rate in determining Ray's fee award.
 
 
 23
 2. The reasonable number of compensable hours
 
 
 24
 a. Determination of compensable hours
 
 
 25
 Ray's contention that his fee award amounts to $17.34 per hour assumes that he is entitled to compensation for all 2907 hours he claims. Ray errs in that assumption. Time expended independent of the relevant federal litigation is not compensable. The Supreme Court has clearly stated that "[t]he time that is compensable under Sec. 1988 is that 'reasonably expended on the litigation.' " See Webb v. Board of Educ. of Dyer County, Tenn., 471 U.S. 234, 242, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)); see also Brantley v. Surles, 804 F.2d 321, 325 (5th Cir.1986) (stating that Sec. 1988 does not allow fees for state court litigation based on state law). In addition, the burden rests on Ray to submit a request for fees that will enable the court to determine what time was reasonably expended on the federal litigation. See Webb, 471 U.S. at 242, 105 S.Ct. at 1928. We have warned that " '[i]n a case where part of the attorney's efforts are to go uncompensated, the burden is on the attorney to provide sufficient evidence for the court to make a correct division.' " Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1139 (11th Cir.1984) (quoting King v. McCord, 707 F.2d 466, 468 (11th Cir.1983)).
 
 
 26
 Ray does not contend that he has submitted his fee request in a form which would enable the district court to determine how much time was spent on the federal litigation.[7] Ray simply insists that he is due to be compensated for all of this time.
 
 
 27
 In determining that only 800 of the 2907 hours were devoted to the federal litigation, the district court noted that Ray's "timesheets, in some instances, group together his claimed legal services, thereby making it difficult to determine the exact number of hours undertaken in the present case, vis-a-vis other (non-allowable) discrete proceedings and unsuccessful claims." (Supp.R.1-400 at n. 2). The district court correctly decided that it should disallow all claims for compensation for time expended independent of the federal litigation. However, when a request for attorney's fees does not permit easy division between compensable and non-compensable hours, a district court should require the party seeking fees to refashion its request. See King v. McCord, 707 F.2d 466, 468 (11th Cir.1983). Thus, instead of undertaking the imprecise and tortuous task of determining compensable hours based on Ray's fee request, the district court should have required Ray to resubmit his request in a form that would allow the district court to clearly delineate between the federal litigation and other matters.
 
 
 28
 b. Determination of reasonable hours
 
 
 29
 Following Ray's resubmission of his fee request on remand, the district court will need to decide how many hours were reasonably expended in the conduct of the federal litigation in order to calculate Ray's fee award. Previously, the district court found only 800 hours devoted to the federal litigation of which 560 were found to be compensable. (Supp.R.1-400 at 2). A review of Ray's fee request and the record convince us that many of the hours expended in the conduct of this litigation were "excessive, redundant or otherwise unnecessary." See Hensley, 461 U.S. at 434, 103 S.Ct. at 1939-40. The record is replete with long, rambling documents filed by Ray, which contain more rhetoric than substance. The fee request evidences patently excessive expenditures of time throughout the litigation.[8] Ray seeks, for example, compensation for over 100 hours for preparing his initial fee request. The trial on the merits in this case consumed only 2 1/2 days.
 
 
 30
 Ray argues that the district court failed to explain, in derogation of Norman v. Housing Auth., 836 F.2d 1292, 1304 (11th Cir.1988), which of the 800 hours were disallowed and why. Norman is one of a long line of decisions in this circuit applying the rule that when hours are disallowed the court should identify the hours disallowed and explain why they are disallowed.[9] The instant case evades the application of Norman. Implicit in the Norman hour-by-hour rule is the assumption that a district judge can feasibly and expeditiously engage in such a precise review. Where fee documentation is voluminous, such as in the instant case, an hour-by-hour review is simply impractical and a waste of judicial resources. Hence, the instant case falls outside the Norman hour-by-hour rule. This court has not previously addressed the question of whether fee documentation can be so voluminous as to render an hour-by-hour review impractical.
 
 
 31
 Other circuits have grappled with the question, and have almost uniformly held that where a fee application is voluminous, an hour-by-hour analysis of a fee request is not required. See, e.g., Jacobs v. Mancuso, 825 F.2d 559, 562 (1st Cir.1987); Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1202-03 (10th Cir.1986); New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983); Copeland v. Marshall, 641 F.2d 880, 903 (D.C.Cir.1980). In fact, given a voluminous application, most circuits recognize the utility of across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure. See id. This approach does not relieve district courts of the requirement to concisely but clearly articulate their reasons for selecting specific percentage reductions. See Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir.1992). Some circuits explicitly state that the adequacy of a court's explanation should be carefully scrutinized where substantial fees are involved. See, e.g., Gates, 987 F.2d at 1399; In re Continental Illinois Sec. Litig., 962 F.2d 566, 570 (7th Cir.1992); In re Fine Paper Antitrust Litig., 751 F.2d 562, 594-95 (3d Cir.1984). Regardless, a court's explanation must provide for meaningful review. See, e.g., Gates, 987 F.2d at 1400. When faced with a massive fee application, however, an hour-by-hour review is both impractical and a waste of judicial resources. See Copeland, 641 F.2d at 903.
 
 
 32
 We adopt our sister circuits' position regarding review of voluminous fee applications. In a case like this one, where the fee motion and supporting documents are so voluminous, it is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction. Accordingly, on remand the district court need not engage in an hour-by-hour analysis. Rather, once the district court determines how many hours were actually devoted to the conduct of the federal litigation, it may then reduce that figure in gross if a review of the resubmitted fee request warrants such a reduction.
 
 3. Enhancement of the fee award
 
 33
 Ray argues that a remand is necessary because the district court needs to decide whether this is that rare and exceptional case where an upward adjustment of the lodestar is called for because of exceptional success. We disagree. The district court has already found that the success the plaintiff achieved in this case "was, in large part, due to the services at trial of another lawyer." (Supp.R.1-400 at 3 n. 7) (emphasis added). This record could not support an upward adjustment of the lodestar. Ray's argument with regard to enhancement is without merit.
 
 4. The reasonable expenses
 
 34
 As with his hours claimed, expenses claimed by Ray are also lumped together. Ray's expenses include costs incurred in both state and federal litigation as well as costs which cannot be allocated to any particular litigation. For example, the cost of 18,007 photocopies at 25 cents per page includes 6,427 copies allocated to the federal litigation; 3,580 copies allocated to the state litigation; and 8,000 copies not allocated to any particular litigation. Ray argues that the district court abused its discretion by reducing these expenses "without explanation." We find that the burden rests with Ray to submit a request for expenses that would enable the district court to determine what expenses were incurred on the federal litigation. Accordingly, on remand Ray should be directed to resubmit a request for expenses in a form that demonstrates his entitlement to them.
 
 VI. CONCLUSION
 
 35
 For the foregoing reasons, we AFFIRM the district court's order denying Loranger's motion for recusal, and VACATE and REMAND the district court's fee award for reconsideration. On remand, the district court should order Ray to undertake to separate the time and expense related to the federal litigation from that not so related. After that is done, the district court should be able to make findings as to the total time and expense reasonably expended on the federal litigation. However, the district court need only provide a concise but clear explanation of its reduction, if any, as opposed to engaging in an hour-by-hour analysis. In a case like this one, no more should be required.
 
 
 36
 AFFIRMED in part, VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 Shortly after the citations were dropped, the County sued Loranger's then deceased mother, alleging that the hedge was trespassing on a public right of way. Dade County v. Loranger, Case. No. 79-18605 (Fla.Cir.Ct.). After learning that Loranger's mother was deceased, the County voluntarily dismissed the suit
 
 
 [2]
 It should be noted that another attorney, Neil Chonin, was lead counsel for Loranger. The parties stipulated that a reasonable fee for Chonin's services in this case was $25,000. (R. 5-200). That fee has been paid. Attorney Alexander William Kent, also representing Loranger, has sought compensation for 60 hours work at $125 per hour, or "no less than $7,500 plus interest." (R. 7-214 at 2). Kent's application is not before us on this appeal
 
 
 [3]
 See also, McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir.1990) (upholding denial of recusal motion based on evidentiary rulings); Jaffree v. Wallace, 837 F.2d 1461, 1465 (11th Cir.1988) (upholding denial of recusal motion based on adverse rulings by trial judge); and Phillips, 637 F.2d at 1020 (upholding denial of recusal motion based on judge's conclusions on points of fact and law)
 
 
 [4]
 See e.g., United States v. Holland, 655 F.2d 44, 47 (5th Cir.1981) (holding that section 455(a) was violated where judge increased defendant's sentence after remarking that defendant had "broken faith" with the court by appealing adverse ruling)
 
 
 [5]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981
 
 
 [6]
 The district court's upward adjustment of the hourly rate reflects its consideration of the twelve factors discussed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974). Johnson originally mandated twelve factors that district courts should balance in fashioning fee awards. Although its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the Johnson factors in establishing a reasonable hourly rate. Norman, 836 F.2d at 1299
 
 
 [7]
 For example, Ray includes the time he devoted to defending the trespass case against Loranger's mother in state court. Defendants estimate that some 241.5 non-compensable hours were devoted to the defense of the trespass action. (R.9-242 at 8). Of the 241.5 hours, 163.5 hours were spent in an unsuccessful attempt to recover attorney's fees under Fla.Stat. Sec. 57.105, first in the state circuit court and, following denial there, in the Third District Court of Appeals. (R.9-342, App. B-1.)
 Similarly, Ray claims time spent on the 1980 state court action that was eventually voluntarily dismissed. Defendants estimate, based on Ray's records, that some 824 hours were devoted to that non-compensable action. (R.9-342 at 8).
 
 
 [8]
 Some circuits have held that a district court may, in its discretion, deny a request for attorney's fees in its entirety when the request is outrageously unreasonable. See, e.g., Fair Hous. Council of Greater Washington v. Landow, 999 F.2d 92 (4th Cir.1993); Lewis v. Kendrick, 944 F.2d 949 (1st Cir.1991); Brown v. Stackler, 612 F.2d 1057 (7th Cir.1980). In this case, however, the defendants do not argue that the request in question should be denied outright
 
 
 [9]
 The genesis of the Norman hour-by-hour rule is somewhat problematic. It appears to have been first articulated in Fitzpatrick v. IRS, 665 F.2d 327, 332-33 (11th Cir.1982). The Fitzpatrick court, in turn, relied on In re First Colonial Corp. of Am., 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). In re First Colonial, however, does not mandate an hour-by-hour explanation of fee reductions. To the contrary, the In re First Colonial court held that a judge "must briefly explain the findings and reasons upon which the award is based, including an indication of how each of the twelve factors listed in Johnson [v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974) ] affected his decision." In re First Colonial, 544 F.2d at 1300