Elizabeth J. NEUMONT, et al., Plaintiffs,

v.

MONROE COUNTY, FLORIDA,
Defendant.

No. 99–10054–CIV.

United States District Court,
S.D. Florida.

Feb. 13, 2004.

Harold E. Wolfe, Jr., William Hoffman Pincus, James Hermann Hicks, Hicks, Brams & Scher, West Palm Beach, FL, Eric M. Grant, Sweeney & Grant, Sacramento, CA, for Plaintiffs.

Karen Kittian Cabanas, Morgan & Hendrick, Key West, FL, David L. Jordan, Assistant General Counsel, Tallahassee, FL, for Defendant.

## ORDER

VITUNAC, United States Chief Magistrate Judge.

THIS CAUSE is before the Court on Order of Reference (DE 382) from United States District Judge James C. Paine referring the Plaintiffs' Request for Ruling on Expense Shifting Sanctions (DE 381) "for recommended and/or final disposition." On June 25, 2003, the Court entered an order (DE 385) denying the motion and deferring ruling on the expense shifting sanctions until the end of the case. On September 3, 2003, Judge Paine entered an order (DE 399) issuing findings of fact and giving the parties ten days to inform this Court "of all outstanding rulings regarding attorneys' fees and/or sanctions." On September 15, 2003, Judge Paine granted Plaintiffs' motion for an extension of time until October 15, 2003, to comply with the Court's order. Plaintiffs re-filed certain pleadings regarding the sanctions (DE 402) on October 10, 2003, and filed a brief on expense shifting sanctions (DE 403) on October 17, 2003. Additionally, Defendant filed its response on October 29, 2003, and Plaintiffs filed a reply (DE 406) on November 10, 2003.

On October 31, 2003, this Court ordered (DE 405) Plaintiffs to comply with Local Rule 7.3 and to submit the information required by the rule by November 14, 2003. On November 14, 2003, Plaintiffs filed a Motion for Extension of Time (DE 407) requesting until December 8, 2003, to file the required documents. This Court granted Plaintiffs' motion on November 18, 2003.

Plaintiffs filed their Amended Consolidated Fee Request (DE 419) on December 23, 2003, requesting $37,947.50 in attorneys' fees. Plaintiffs also filed the affidavits of their attorneys: William H. Pincus (DE 409), James H. Hicks (DE 412, 417), and Harold E. Wolfe, Jr. (DE 414). Defendant filed its objection and request for a hearing (DE 415) on December 12, 2003.

Additionally, on January 8, 2004 (DE 420), Defendant filed its Motion to Strike Plaintiffs' Notice of Filing Original Affidavit of James H. Hicks, Esq. and Supplemental Objection to Plaintiffs' Motion. Plaintiffs filed their response (DE 422) on January 15, 2004. Finally, Defendant filed its Motion to Strike Plaintiffs' Amended Consolidated Fee Request (DE 423) on January 16, 2004, and Plaintiffs filed their response (DE 424) on January 29, 2004. These matters are now ripe for review.

### Plaintiffs' Motion for Expense Shifting Sanctions

Plaintiffs request expense shifting sanctions in connection with the following discovery motions: (1) Plaintiffs' Motion to Compel Production of Documents & Response to Second Request for Admissions (DE 115); (2) Plaintiffs' Motion to Compel Response to Third Request to Admissions to Defendant, Monroe County (DE 121); (3) Plaintiffs' Motion to Compel Production of Documents on "Second Request for Production of Documents" (DE 127); and (4) Plaintiffs' Amended Motion to Compel Response to Third Request for Admissions (DE 128). This Court disposed of these motions in an order (DE 156) dated January 9, 2001, but reserved ruling on the issue of expense shifting sanctions until the end of the case.

According to the Plaintiffs, they are entitled to recover attorneys' fees pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure. Plaintiffs argue expense shifting sanctions must be awarded to prevailing parties on motions to compel and that the matter is not discretionary. Plaintiffs argue the Court must impose expense shifting sanctions because the Defendant is unable to show that its objections were substantially justified.

### Defendant's Response

In response, Defendant argues its objections to Plaintiffs' motions to compel were substantially justified. Defendant argues an objection is substantially justified if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. Defendant argues the objections it made to Plaintiffs discovery requests were in fact substantially justified. Defendant notes its objections to the motions to compel primarily related to the relevance of the discovery sought and were largely supported by case law. Though the Defendant ultimately conceded some of these objections and though the Court overruled its remaining objections, Defendant argues each objection presented a genuine dispute as to the relevancy of Plaintiffs' discovery requests.

### Discussion

#### Entitlement to Attorneys' Fees

■ Federal Rule of Civil Procedure 37(a)(4)(A) states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

As dictated by Rule 37(a)(4)(A), "[a] court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir.1997). A party's objection is substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Id.*

■ Having reviewed the transcript of the hearing held before this Court on Plaintiffs' motions to compel on December 20, 2000 (DE 220), the Court finds that Defendant's refusal to produce the discovery materials was not substantially justified. Pursuant to Federal Rule of Civil Procedure 26(b)(1),[1] "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action .... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Though Defendant originally objected to the relevancy of several of Plaintiffs' discovery requests, Defendant withdrew the majority of these objections during the hearing held before this Court on December 20, 2000. This Court overruled the remainder of Defendant's objections, finding the information sought was reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs were clearly entitled to the requested discovery which primarily dealt with the enactment of prior ordinances banning vacation rentals. A large portion of the information requested was available to Plaintiffs through Florida's sunshine laws. (*See* Tr. of Dec. 20 Hr'g at 20.) Plaintiffs had attempted to obtain the material on their own through the county clerk's office but were never given all of the information they requested.

Though Plaintiffs made a good faith attempt to resolve the discovery disputes prior to filing their motions (*see* DE 115 at p. 18; DE 127 at p. 2; DE 128 at p. 2), Defendant did not produce the requested discovery material until after the Court held a hearing and granted Plaintiffs' motions. *See Rhein Med., Inc. v. Koehler*, 889 F.Supp. 1511, 1518 (M.D.Fla.1995). Reasonable people could not differ as to the appropriateness of the contested action; Defendant was thus not substantially justified in resisting discovery. Accordingly, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), Plaintiffs are en-

---

1. When ruling on Plaintiffs' motions to compel, this Court applied Federal Rule of Civil Procedure 26(b)(1) *prior* to its amendment in 2000. (*See* Tr. of Dec. 20, 2000 Hr'g at 19.)

titled to recover the reasonable expenses they incurred in bringing their motions to compel.

*Amount of Attorneys' Fees*

■ Courts use the "lodestar" method in determining the amount of an attorney's fee. *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). First, the number of hours the lawyer reasonably spent on the case is multiplied by a reasonable hourly rate. *Id.* In order to come up with the figures used in this formula, the court must first determine what the reasonable hourly rate is and then must determine the number of hours *reasonably* spent by the attorney. *Id.* In making each of these determinations, the court may serve as its own expert and may make a decision based on its own knowledge and experience in this area. *Norman,* 836 F.2d at 1303. The court may decide the issue based on the affidavits submitted and need not hold a hearing. *Id.* The attorney seeking the attorney's fee has the burden of establishing that both the rate requested and the number of hours requested are reasonable. *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994). The attorney must produce satisfactory evidence and must produce more than his or her own affidavit. *Id.* In addition, the Supreme Court has noted that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

**1. *Reasonable Hourly Rate***

A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. As noted above, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id.* (citations omitted).

Here, Plaintiffs have filed affidavits from their three attorneys: William H. Pincus (DE 409), James H. Hicks (DE 412, 417), and

Harold E. Wolfe, Jr. (DE 414). William Pincus states that he spent 32 hours on Plaintiffs' motions to compel from July 1, 2000 through January 11, 2001, at a rate of $200.00 per hour and that he spent 2.55 hours on Plaintiffs' motions from January 1, 2003, through the present at a rate of $250.00 per hour. James H. Hicks states that he, a board certified trial attorney with 23 years of experience in Palm Beach County, spent 9.65 hours on Plaintiffs' motions and that his "hourly rate for services rendered is $300.00 per hour ...." Harold Wolfe states that he spent 86.2 hours on Plaintiffs' motions at "a litigation billing rate of $325.00 an hour." Each attorney attached to his affidavit an itemized list of hours spent working on the motions to compel.

However, Plaintiffs' attorneys provide nothing more than their own affidavits. The attorneys fail to present satisfactory evidence that the requested rates are in line with the prevailing market rates. As noted above, the court may serve as its own expert and may make a decision based on its own knowledge and experience in this area. *Norman,* 836 F.2d at 1303. In making that decision, the court should consider the attorney's level of skill, including his ability to: "obtain a just result quickly and economically;" organize his thoughts in a logical and orderly way; and effectively persuade the court. *Id.* at 1300–01. Based on the Court's knowledge and experience both of the prevailing market rates and of the attorneys' skills, experience, and reputation, it finds the fees requested by Harold Wolfe and James Hicks are excessive. The Court finds a fee of $275 per hour is reasonable in light of the facts of this case, the prevailing market rate, and the attorneys' level of skill.

**2. *Hours Reasonably Expended***

■ Additionally, in determining the number of reasonable hours spent on the case, the court must exclude hours that were "excessive, redundant, or otherwise unnecessary." *Norman,* 836 F.2d at 1301 (quoting *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40). A lawyer must exercise billing judgment and cannot "be compensated for hours spent on activities for which he would not bill

a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rationale person engages in some cost benefit analysis." *Id.* Additionally, though there is nothing inherently unreasonable about a client having more than one attorney and each being compensated for his distinct contribution, "[r]edundant hours generally occur where more than one attorney represents a client . . . ." *Id.* at 1301–02.

Here, Plaintiffs' attorneys filed countless pleadings with the Court, many of which were redundant and unnecessary. (*See* Judge Paine's July 14, 2003 Order, DE 390). Moreover, this attorneys' fee dispute in and of itself has resulted in excessive and unnecessary litigation. The Court has carefully reviewed the time sheets submitted. Several of the time entries submitted by Plaintiffs' attorneys are plainly excessive while others are simply redundant:

| Date | Attorney | Hours | Activity |
| --- | --- | --- | --- |
| August 25, 2000 | Pincus | 1.3 | teleconferences with Wolfe; assist in research and review Wolfe's Motion to Compel |
| November 2, 2000 | Pincus | 2.0 | working lunch regarding case strategy |
| December 19, 2000 | Wolfe | 8.5 | "extended all day preparation for oral arguments" and to practice mock arguments with co-counsel |
| December 19, 2000 | Pincus | 7.3 | mock arguments and travel to Key West |
| December 20, 2000 | Pincus | 4.7 | travel time (return to West Palm Beach) |
| December 21, 2000 | Wolfe | 4.5 | travel time |
| June 9, 2003 | Wolfe | 1.4 | preparation of 2–page Request for Prompt Ruling on Expense Shifting Sanctions (DE 381) |
| June 12, 2003 | Wolfe | 1.0 | review of 1–paragraph long Order of Referral (DE 383) |
| June 20, 2003 | Wolfe | 7.0 | revision of Amendment of Notice of Compliance with Court's June 12, 2003 Order |
| June 26, 2003 | Wolfe | 3.0 | review of 2–page Order Denying Expense Shifting Sanctions (DE 385) |
| June 27, 2003 | Wolfe | 5.1 | research re: appeal of Court's order (DE 385) |
| July 2, 2003 | Wolfe | 6.2 | continue appeal of Court's Order Denying Plaintiffs' Request for Ruling on Expense Shifting Sanction |
| July 16, 2003 | Wolfe | 4.0 | review of Judge Paine's 2½ page Order Denying Appeal (DE 390) |
| September 4, 2003 | Wolfe | 3.0 | draft of Motion for Enlargement of Time |
| September 5, 2003 | Wolfe | 1.0 | revision of Amendment to Motion for Enlargement of Time |
| September 16, 2003 | Wolfe | 1.0 | review of Court's 1/2 page Order Granting Plaintiffs' Motion for Enlargement of Time |

Total Hours Excluded for Harold E. Wolfe, Jr. = 45.7
Total Hours Excluded for William H. Pincus = 15.3

### 3. *Adjustments to the Lodestar*

After multiplying the number of reasonable hours by the reasonable hourly rate, the court must consider the outcome of the case and make adjustments to the total fee, if necessary, based on the results obtained by the lawyer. *Norman,* 836 F.2d at 1302. A lawyer should receive full compensation if the results were excellent, while the fee should be reduced if there was only partial or limited success. *Id.* The court may enhance the fee only if the results of the lawsuit were exceptional. *Id.* Here, Plaintiffs' motions to compel were successful, and Defendants produced the requested discovery as a result. Thus, the lawyers should receive full compensation at a reasonable hourly rate for the hours reasonably expended on these motions.

### Conclusion

Based on the foregoing reasons, it is hereby ORDERED that:

(1) Plaintiffs' Amended Consolidated Fee Request (DE 419) is GRANTED IN PART AND DENIED IN PART. Pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), Plaintiffs are awarded attorneys' fees in the amount of $17,768.75;[2]

(2) Defendant's Request for Hearing (DE 415) is DENIED;

(3) Defendant's Motion to Strike Plaintiffs' Notice of Filing Original Affidavit of James H. Hicks, Esq. (DE 420) is DENIED; and

(4) Defendant's Motion to Strike Plaintiffs' Amended Consolidated Fee Request (DE 423) is DENIED.

2. As to the individual attorneys, the Court awards the following fee amounts:

(1) Harold E. Wolfe, Jr., 40.5 hours of work at a rate of $275 per hour = $11,137.50;

(2) James H. Hicks, 9.65 hours of work at a rate of $275 per hour = $2,653.75; and

(3) William H. Pincus, 16.7 hours of work at a rate of $200 per hour and 2.55 hours of work at a rate of $250 per hour = $3,977.50.