[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15342
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-20128-PCH


SASA PADURJAN,
and all others similarly situated,

Plaintiff - Appellant,

versus

AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC.,
a Florida corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 28, 2011)

Before TJOFLAT, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Sasa Padurjan appeals the district court's award of $85,011.46 in attorneys'

fees, in his favor, following settlement in Padurjan's underlying Fair Labor Standards Act ("FLSA") action against his former employer, appellee Aventura Limousine Transportation & Service Corporation ("Aventura"). On appeal, Padurjan argues that the district court committed a number of errors in calculating the attorneys' fees for his claim. Upon a thorough review of the briefs, the record, and the extensive and well-reasoned orders of the magistrate and district judges that calculated the fee orders in this case, we affirm.

I.

We review awards of attorneys' fees and costs for abuse of discretion, though we consider de novo questions of law. Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation, 442 F.3d 1283, 1287 (11th Cir. 2006). However,

> [i]n reviewing the district court's hourly rate determination, an appelate court must be mindful that, [a]lthough an attorney[] fees award is reviewed for abuse of discretion, the determination of what constitutes a reasonably hourly rate is a finding of fact subsidiary to the total award and is therefore reviewed under the clearly erroneous standard.

ACLU of Ga. v. Barnes, 168 F.3d 423, 436 (11th Cir. 1999) (quotation marks omitted).

To calculate reasonable attorneys' fees, courts are to consider the number of

2

hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). These amounts are multiplied together to determine the so-called "lodestar." See, e.g., Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149–50 (11th Cir. 1993). Although "[a]djustments to that fee then may be made as necessary in the particular case," Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984), the district court did not adjust the lodestar in this case.

## II.

Padurjan argues first that the district court committed reversible error by setting the reasonable rate of his lead attorney, Chris Kleppin, at $225 per hour for purposes of calculating the lodestar. In support of this argument, Padurjan emphasizes that his attorney has charged clients, and has been awarded by other courts, $300 per hour in recent FLSA cases. He further emphasizes his attorney's training and success in FLSA litigation. To be sure, these are relevant considerations, but they are only *some* of the relevant considerations a court should take into account in fashioning the reasonable hourly rate. As we have explained, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form

3

an independent judgment either with or without the aid of witnesses as to value."

Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1996) (quotation marks omitted).

That is precisely what the court did in this case. Specifically, in reasoning that Kleppin engaged in an "inefficient, over-litigatory approach" that warranted reducing the reasonable rate, the district court reached the sort of "independent judgment" that the Loranger court encouraged. Id. Notably, the court also made clear that it was knowledgeable about a prior reduction in Kleppin's award on the same ground in another case, a ruling which this court ultimately affirmed. See Perez v. Carey Int'l, Inc., 373 F. App'x 907, 912 (11th Cir. 2010) (unpublished). While the unpublished opinion in Perez did not require the district court to impose a reduced fee, it is persuasive authority that reliance on these same factors did not constitute clear error. All of this review leads us to affirm the district court's decision to set Kleppin's fee at $225 per hour. See Loranger, 10 F.3d at 782.

III.

Padurjan next argues that the district court erred by holding that Padurjan could not recover fees incurred by his expert fee witness. As part of the parties' fee dispute, Padurjan employed the services of Marc Cooper, Esquire, who spent upwards of forty six hours analyzing and calculating the appropriate fee award in

this case. Aventura responds that Cooper played no role in litigating the merits of the underlying FLSA claim, nor was he an expert witness appointed by the court. Aventura contends that, as a result, the Supreme Court's opinion in Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S. Ct. 2424 (1982), precludes the award of Cooper's fee in this case.

We agree with Aventura. In Crawford Fitting, the Supreme Court held that the costs taxable in favor of a prevailing party are limited to those authorized in 28 U.S.C. § 1920. 482 U.S. at 442–45, 107 S. Ct. at 2497–99. We then applied this holding specifically to the statute at issue here—the FLSA—in Glenn v. Gen. Motors Corp., 841 F.2d 1567 (11th Cir. 1988), where we explained that the reasoning of "Crawford Fitting indicates that, although a statute may shift *attorney* fees, the statute does not operate to shift *witness* fees unless the statute refers explicitly to witness fees." Id. at 1575. We conclude that no statute provides for Cooper's fees, and therefore that in light of Glenn, the district court did not err in refusing to award them.

IV.

Next, Padurjan argues that the district court erred by reducing the reasonable hours incurred by fixed percentages without providing precise justification for each hour reduced. Padurjan emphasizes that in Norman v.

5

Housing Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988), this Court held, inter alia, that when reducing the reasonable hours to bill the losing party, "the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary." Id. at 1301. Padurjan submits that the district court's broad percentage cut runs afoul of our Norman rule. We cannot agree.

Padurjan's argument fails because it ignores our more recent holding in Loranger. In that case we explained that "[i]n a case . . . where the fee motion and supporting documents are . . . voluminous, it is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." 10 F.3d at 783. The more than $200,000 Padurjan seeks in attorneys' fees is indication enough that this case is voluminous. As a result, because the district court—through adoption of the magistrate's thorough report and recommendations, which provided cut-by-cut explanations for each percentage-based reduction—provided at least a "concise but clear explanation of its reasons for the reduction," it did not err in effecting broad percentage-based deductions to the hours expended by Padurjan's attorneys.

V.

Finally, Padurjan argues that the district court committed reversible error by refusing to award costs for certain depositions that did not comply with the

6

restrictions of Federal Rule of Civil Procedure 30.  This argument is without merit. The sole case relied for by Padurjan, <u>EEOC v. W & O, Inc.,</u> 213 F.3d 600 (11th Cir. 2000), in relevant part holds only that it is reasonable for the district court to impose costs upon depositions taken with the knowledge of the party being taxed, where those depositions are " necessarily obtained for use in the case."  <u>Id.</u> at 621 (quotation marks omitted).  But <u>W & O</u> does not support the proposition advanced by Padurjan—that the district court abuses its discretion in refusing to award deposition costs that are not " necessarily obtained for use in the case" and exceed the bounds of the Federal Rules of Civil Procedure.  We therefore reject this argument.

VI.

For each of the above reasons, we affirm the fee award imposed by the district court.

AFFIRMED.