[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13107
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-01088-VEH


ASHLEY L. MANER,

Plaintiff-Appellant,

versus

LINKAN LLC,
d.b.a. Fugi Japanese Cuisine,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 3, 2015)

Before HULL, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Ashley L. Maner brought claims of pregnancy discrimination and retaliation under Title VII against her former employer, Defendant Lincan, LLC. After a jury verdict in her favor, Plaintiff Maner appeals the district court's order awarding her attorneys' fees and costs in an amount less than she requested. On appeal, Maner argues that the district court abused its discretion by awarding her only $38,558.31 out of the requested $92,449.88 in attorneys' fees and costs. After review, we affirm.

## I.    GENERAL PRINCIPLES

Under Title VII, the district court may, in its discretion, allow the prevailing party to recover "a reasonable attorney's fee" as part of the costs. 42 U.S.C. § 2000e-5(k). Generally, what constitutes a reasonable attorney's fee is calculated using the "lodestar" method, taking the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 1939-40 (1983); Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1491-92 (11th Cir. 1994) (applying the lodestar method of calculating attorney's fees in a Title VII case).

On appeal, Maner challenges both aspects of the district court's lodestar calculation. Specifically, Maner contends the district court incorrectly: (1) excluded certain work from the total number of hours reasonably expended on the

litigation; and (2) reduced the hourly rate charged by her lead attorney and his two associates.  We address each claim in turn.[1]

## A.    Hours Reasonably Expended on the Litigation

In ascertaining the number of hours reasonably expended on the litigation, the district court should exclude any "excessive, redundant or otherwise unnecessary" hours.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988).  The district court also has the discretion to exclude work performed on unrelated actions.  Hensley, 461 U.S. at 437 n.12, 103 S. Ct. at 1941.  The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation."  ACLU of Ga. v. Barnes, 168 F.3d 423, 435 (11th Cir. 1999) (quotation marks omitted).  To carry that burden, fee counsel must submit time records showing "time expenditures . . . with sufficient particularity so that the district court can assess the time claimed for each activity . . . ."  Id. at 427 (quoting Norman, 836 F.2d at 1303).

Here, the district court did not abuse its discretion in determining the number of hours reasonably expended on the litigation.  The district court found that

---

[1]We review a district court's order awarding attorney's fees for an abuse of discretion, examining questions of law de novo and findings of fact for clear error.  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008).  What constitutes a reasonable hourly rate is a finding of fact subsidiary to the total award, and therefore is reviewed under the clearly erroneous standard. ACLU v. Barnes, 168 F.3d 423, 436 (11th Cir. 1999).  Because, the computation of a fee award necessarily involves the exercise of judgment, however, the district court's factual findings are entitled to deference. Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001).

Maner's attorneys reasonably expended 151.80 hours, rather than the claimed 272.90 hours, in litigating her Title VII claims. In doing so, the district court thoroughly reviewed the billing sheets submitted by Maner's attorneys, identified the hours it was excluding and why using extensive notations, and then provided further explanation for its actions in its memorandum order.

On appeal, Plaintiff Maner argues the district court should not have excluded time her attorneys spent litigating matters related to her application for state unemployment benefits. We disagree, as those hours concerned a discrete state administrative proceeding and not her federal Title VII lawsuit. See id. at 436 (finding an abuse of discretion where the district court failed to exclude hours not expended on the litigation). We, like the district court before us, are not persuaded by Plaintiff Maner's argument that those hours were "necessary" or "related" to her federal litigation. Maner contends that both her state unemployment compensation claim and her federal case involved whether her termination was voluntary, and an adverse decision in the state administrative proceeding could have resulted in issue preclusion in her federal lawsuit. Unreviewed state administrative proceedings, however, do not have preclusive effect on federal Title VII claims. University of Tenn. v. Elliott, 478 U.S. 788, 794-96, 106 S. Ct. 3220, 3224-25 (1986); Crapp v. City of Miami Beach, 242 F.3d 1017, 1021-22 (11th Cir. 2001). Thus, for purposes of her federal discrimination claims, it was not

4

necessary to obtain a favorable decision from the state agency or to appeal the state agency's initial unfavorable decision.

Similarly, the district court did not err in excluding as unnecessary the hours billed for her attorneys' travel to and from the Anniston, Alabama, courthouse during her three-day trial. Plaintiff's attorneys lived in Birmingham, but travelled back and forth to Anniston, Alabama. Although this Court has no precise rules for compensating travel time, we have indicated that a fee applicant seeking to recover expenses incurred for retaining non-local counsel generally "must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Barnes, 168 F.3d at 437 (involving issue of reasonable hourly rates for non-local counsel). Plaintiff Maner made no attempt to make such a showing with respect to Anniston, Alabama. As the district court explained, although it allowed mileage for travel, it excluded the attorneys' time (approximately $4,000) because they elected to return to Birmingham each night rather than stay in a hotel in Anniston. With a distance of approximately 60 miles between Anniston and Birmingham, the attorneys' trip took about an hour each way. Thus, billing for the attorneys' travel time was akin to billing for travel to work. We agree that, under the particular factual circumstances, we cannot say the district court erred in determining that it was not required to pass the Plaintiff attorneys' travel time onto the Defendant.

5

For the first time in her appeal brief, Plaintiff Maner contends that her attorneys: (1) "used the driving time to confer together to discuss the trial's development and plan for subsequent trial activities," which they also would have done at a hotel; and (2) needed to return to their Birmingham law office each night because "the district court requested that Maner's counsel email by 9:00 p.m. each night during the trial various materials including pinpoint citations and other information relevant to arguments made at trial."

The problem for Plaintiff Maner is that she has the burden to establish that the travel time was expended on the litigation, but she does not point to any evidence in the record to support her claim. See Barnes, 168 F.3d at 434-36. Time entries submitted by Plaintiff Maner's counsel do not indicate that the attorneys performed any legal work while traveling. Rather, the time entries for each trial day consist of lists of all the work performed and include notations such as, "Travel to Anniston," and "Return travel." See id. at 427 (requiring "sufficient particularity" from attorney's time records to show the hours are compensable). Nor does counsel's affidavit in support of the fee request provide the information asserted in Plaintiff Maner's appeal brief. With respect to whether an attorney's time is compensable, "unsupported assertions in a brief cannot substitute for

evidence in the record." Id. at 436.  In short, Plaintiff Maner has not shown clear error in the district court's finding as to the number of hours reasonably expended.[2]

## B.    Reasonable Hourly Rate

We have defined a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299.  "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." Barnes, 168 F.3d at 437 (quotation marks omitted).  The party seeking attorneys' fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates.  Norman, 836 F.2d at 1299.

In establishing a reasonable hourly rate, the district court may rely on its own expertise and where appropriate may also consider certain factors.  Id. at 1299, 1304.  These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

---

[2]The district court also excluded hours: (1) for work that was clerical in nature; (2) that were duplicative of other credited hours; or (3) for which counsel provided insufficient detail to discern the nature of the work.  Maner has shown no reversible error with regard to these exclusions.

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).[3]

Once the lodestar figure has been calculated, there is a strong presumption that the lodestar figure is a reasonable sum. Bivins, 548 F.3d at 1350. In some instances, however, the district court may adjust the lodestar amount upwards, in the case of exceptional results, or downwards, to account for only partial success. Norman, 836 F.2d at 1302.

Here, Maner sought an hourly rate of $450 per hour for her lead counsel and rates of $250 per hour and $225 per hour for the two associates who assisted him. The district court determined that the reasonable hourly was $385 rate for lead counsel and was $135 and $125 for his two associates. The district court's finding is not clearly erroneous.

The district court considered the experience of the three attorneys, customary fees charged for similar work, and the Johnson factors before relying on its own expertise, including its "own review of previous fee awards," to select these hourly rates. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)

---

[3]"Although [this] balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the Johnson factors in establishing a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 n.6 (11th Cir. 1994).

(explaining that the district court "is itself an expert on the question [of reasonable hourly rates in the local market] and may consider its own knowledge and experience . . . and may form an independent judgment either with or without the aid of witnesses as to value" (quotation marks omitted)).  In his affidavit, Maner's lead counsel averred that he normally billed his non-contingent clients at a rate of $385 per hour, and his fee expert averred in her affidavit that the "prevailing market rate in Alabama" for a plaintiff's attorney handling similar cases was between $225 and $550 per hour.  The district court did not clearly err in setting lead counsel's rate at his normal billing rate of $385 and in the middle of the expert's range.

Lead counsel was the senior partner at his law firm, with over thirty years of litigation experience, much of it in employment law.  The two associates "working under his direction," however, were recent law school graduates with considerably less experience.  The associate who primarily worked on Maner's federal case and attended the July 2013 trial was a 2011 law school graduate.[4]  We note that neither affidavit Maner submitted addressed the prevailing market rate in the Northern District of Alabama (or Anniston) for a junior associate working under the supervision of a senior partner.  Considering the absence of such evidence, the district court was within its discretion to rely upon its own expertise in setting the

---

[4]This associate had 76.8 hours of time on the case; the second associate had only 3.5 hours of time on the case.

associates' reasonable hourly rates. See Norman, 836 F.2d at 1303 (explaining that fee counsel must provide "specific and detailed evidence from which the court can determine the reasonable hourly rate," and, if there is a lack of such evidence, "the court may make the award on its own experience").

In sum, the district court did not err in calculating the lodestar figure, as its determinations of the number of reasonably expended hours and the reasonable hourly rates were both supported by the record. There is no merit to Maner's suggestion that the district court's award of fees in an amount less than she requested was an improper downward adjustment of the presumptively reasonable lodestar amount. The district court based its fee award solely on its calculation of the lodestar amount, expressly stating that no adjustment to the lodestar was warranted. Accordingly, for all these reasons, we cannot say the district court abused its discretion in awarding Maner $37,600 in attorney's fees.

## C.    Costs

The district court may also award costs other than attorney's fees to a prevailing plaintiff. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); Chapman v. AI Transport, 229 F.3d 1012, 1038-39 (11th Cir. 2000) (en banc) (explaining that Rule 54(d) creates a presumption that the prevailing party is awarded full costs). In determining the costs to be awarded, the district court may tax as costs all reasonable expenses incurred during the course of litigation, with the exception of

routine office overhead.  See Barnes, 168 F.3d at 438-39 (involving civil rights litigation under § 1988).[5]

Maner requested $2,262.38 in costs.  The district court awarded $958.31, however, because it excluded costs associated with litigating Maner's state unemployment compensation claim.  As already noted, those expenses were not reasonably incurred during the course of litigating Maner's federal Title VII lawsuit.  The district court did not abuse its discretion in awarding costs.

**AFFIRMED.**

---

[5]We review for abuse of discretion a district court's decision to award costs, which "occurs if the trial judge bases an award or denial upon findings of fact that are clearly erroneous." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).

11