Diana M. **RODRIGUEZ**, Plaintiff,

v.

The **AMD GROUP OF SOUTH FLORIDA, INC.**, a Florida Corporation, and **Gina Delbrune**, an individual, Defendants.

Case No. 07–60456–CIV.

United States District Court,
S.D. Florida.

July 13, 2007.

Robert Scott Norell, Robert S. Norell, P.A., Plantation, FL, for Plaintiff.

### ORDER

WILLIAM J. ZLOCH, District Judge.

THIS MATTER is before the Court upon the Plaintiff Diana M. Rodriguez's Motion For Award of Attorney's Fees And Expenses Of Litigation (DE 10). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff Diana M. Rodriguez commenced the above-styled cause by filing a four-count Complaint (DE 1), seeking damages for alleged violations of the Fair Labor Standards Act (hereinafter "the FLSA"), 29 U.S.C. § 201, *et seq.* In her Complaint Plaintiff alleged that she was not compensated for overtime hours worked and that during the tenure of her employment with Defendant AMD Group Of South Florida her wages were beneath the federally mandated minimum wage. *See* DE 1. Defendants failed to file an Answer to the Complaint and a Default Final Judgment (DE 9) was entered in Plaintiff's favor for $6,617.35. *See* DE 9. Pursuant to statute, 29 U.S.C. § 216(b), Plaintiff seeks an award of attorney's fees for the successful prosecution of this action in the amount of $2,404.25 for 8.15 billable hours. Additionally, Plaintiff seeks $325.00 for the work of an expert attorney, Christopher C. Sharp, Esq., for his review of the instant file and preparing an Affidavit concerning Plaintiff's Attorney's Fees And Costs Application, Plaintiff further seeks an award of costs in the amount of $430.00. *See* DE 10.

While an award of attorney's fees for a prevailing party is mandatory under the FLSA, *see* 29 U.S.C. § 216(b), the courts have the duty to make sure that such an award is reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what fees to assess is vested in the sound discretion of the Court. Further, it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees. Undue generosity might encourage

some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute. Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 3d § 2675.1.

■ To calculate a reasonable fee, the Court must utilize the "lodestar" method. *See Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994) (quoting *Norman,* 836 F.2d at 1299). It is the prevailing party's burden to justify the requested fees, *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir.1996). *See also Saizan v. Delta Concrete Prod., Co. Inc.,* 448 F.3d 795, 799 (5th Cir.2006). The Court itself is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303). Here the Court is satisfied that a reasonable hourly rate for Mr. Robert Norell, Esq. is $295.00 an hour and that a reasonable hourly rate for Mr. Christopher Sharp, Esq. is $300.00 an hour.

■ Once the lodestar is set, the Court must determine the reasonable number of hours expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir.1999) (quoting *Norman,* 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation is on the fee applicant. *See id.* at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the court to accurately determine the amount of fees to be awarded. *Id.* At the same time, the party opposing the fee application must satisfy its obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *Id.*

■ If the party moving for fees fails to exercise required billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." *Id.*

■ Defendant has not filed a Response to the instant Motion so the Court must act in its capacity as a gatekeeper of reasonableness without the benefit of an adversarial party. Upon careful review, the Court is satisfied that Norell exercised sound billing judgment in all matters except the preparation and execution of the instant Motion. An attorney of the skill and experience of Norell should not take two (2) billable hours to prepare the instant Motion. Rather, the Court acting in its capacity as an expert on attorney's fees, *see Loranger,* 10 F.3d at 781, finds that one (1) billable hour is a reasonable amount of time spent in preparation and execution of the instant Motion (DE 10). Additionally, the Court finds that Plaintiff's Expert Christopher Sharp, Esq. did not exercise sound billing judgment during his review of the case file, which consists of a mere nine docket entries and no responsive pleadings by Defendants. Fur-

ther, the Affidavit prepared by Sharp is rather perfunctory, with a single sentence addressed to the particulars of the above-styled cause. Accordingly, the Court will reduce the award for services performed by Sharp from one (1) billable hour to .2 billable hours. *See Norman,* 836 F.2d 1292, 1301 (11th Cir.1988) (noting "[i]n determining award of attorney's fees, the court should exclude hours that would be unreasonable to bill to client, and therefore to one's adversary").

Therefore, the Court shall award Plaintiff for 7.15 billable hours by attorney Robert Norell, Esq. at a lodestar amount of $295.00; .2 billable hours for Plaintiff's expert Christopher Sharp, Esq. at a lodestar amount of $300.00; and pursuant to 28 U.S.C. § 1920 (2006), the Court shall award Plaintiff costs in the amount of $430.00, for a total award of $2,599.25.

Additionally, The Court notes that Norell has made his representation fee with Plaintiff the greater of forty percent (40%) of Plaintiff's recovery or the Court's award of attorney's fees. The Court notes that it has sufficient control over the attorneys that practice before it to require Norell to surrender any claim that he may have for a fee beyond what the Court awards. *See Harrington v. Empire Const. Co.,* 167 F.2d 389, 392 (4th Cir.1948) (noting the "court has sufficient control over the attorney as an officer of the court to require him to surrender any claim he may have for an additional fee under a private agreement"). Therefore, Robert Norell, Esq. shall take nothing for his services for his role in the above-styled cause but what has been provided by the Court in this Order.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff Diana M. Rodriguez's Motion For Award of Attorney's Fees And Expenses Of Litigation (DE 11) be and the same is hereby **GRANTED;** and

2. Plaintiff Diana M. Rodriguez does have and recover of and from the Defendants AMD Group Of South Florida, Inc. and Gina Delbrune the sum of $2,169.25 as attorney's fees, plus the sum of $430.00 as costs incurred in the above-styled cause, for a total of $2,599.25, for all of which let execution issue.