**Barbara PERESS, Plaintiff,**

v.

**Paul H. WAND, M.D., & Paul H. Wand, M.D., P.A., Defendants.**

Case No. 08–61390–CIV.

United States District Court, S.D. Florida.

Dec. 17, 2008.

Robert Scott Norell, Robert S. Norell, PA, Christopher C. Sharp, The Sharp Law Firm, Plantation, FL, for Plaintiff.

Stuart I. Silverman, Stuart I. Silverman, P.A., Boca Raton, FL, for Defendants.

### ORDER

WILLIAM J. ZLOCH District Judge.

THIS MATTER is before the Court upon Plaintiff Barbara Peress's Motion For Attorney's Fees (DE 19). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff brought this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (2006) (hereinafter "FLSA"), for unpaid overtime wages. Plaintiff was previously employed in Defendants' medical office. Defendant Paul H. Wand, M.D., P.A., failed to secure counsel and a default final judgment was entered against it. Thereafter, Plaintiff sought to dismiss this action as to the individual Defendant Paul H. Wand, M.D., as a dispensable party, which the Court granted. She now moves under 29 U.S.C. § 216(b) for the attorney's fees and costs she incurred in prosecuting this action. Specifically, Plaintiff claims that her attorney, Mr. Robert Norell, spent over 9 billable hours in his efforts to prosecute this action, totaling fees and costs of more than three thousand dollars.

■ While a party has a right to attorney's fees incurred in the successful prosecution of his claims under the FLSA, 29 U.S.C. § 216(b), the courts have a corresponding duty to make sure that such an award is reasonable. *See Hensley v. Eckerhart,* 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court. The adversarial process of the opposing party scrutinizing the fee motion aids the Court in making its determination.

■ The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 3d § 2675.1 (1998 & West Supp.2008). To calculate a reasonable fee, the Court must utilize the "lodestar" method. *See Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994) (quoting *Norman,* 836

F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303). Counsel for Plaintiff Mr. Robert Norell, Esq. requests an hourly rate of $295 per hour. Mr. Norell is a fine attorney, who has always been diligent with his work before the Court. Therefore, the Court finds that a reasonable hourly rate of $250 is fair to compensate Plaintiff for his services.

▮▮▮ This amount reflects Mr. Norell's skill as an attorney, his schooling, and the nature and difficulty of the work he performs. A lodestar of that amount cannot be justified for the services of a paralegal whose careful attention to administrative tasks permits an attorney to focus on legal work that requires his highly compensated for expertise. It is unreasonable for an attorney to charge a client at a rate of $250.00 for work that should properly be handled by a paralegal or legal secretary. Therefore, the Court shall also set a lodestar for Mr. Norell of $100.00 for the administrative tasks that he performed on this case.

▮▮▮ Once the lodestar is set, the Court must determine the reasonable number of hours expended by Plaintiff's attorney in the successful prosecution of this action. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir.1999) (quoting *Norman,* 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. *See id.* at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded. *Id.* At the same time, the party opposing the fee application must satisfy its obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *Id.* If the party moving for fees fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." *Id.*

The Court has carefully scrutinized Plaintiff's filings and Mr. Norell's time-keeping strikes the Court as accurate and reasonable in all regards. Therefore, none shall be stricken. However, the Court finds that Mr. Norell performed work on this case of a legal nature for 6 billable hours, for which he shall be compensated at a rate of $250.00 an hour. Plaintiff will be compensated for 3.35 hours of non-legal administrative work performed by Mr. Norell at a rate of $100. This brings Plaintiff's total award for attorney's fees to a total of $1,835.00. Plaintiff shall also be compensated for costs in the amount of $490.00.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff Barbara Peress's Motion For Attorney's Fees (DE 19) be and the same is hereby **GRANTED;** and

2. Plaintiff Barbara Peress does have and recover from Defendant Paul H. Wand, M.D., P.A., the sum of $2,325.00 as attorney's fees and costs incurred in the successful prosecution of this action, for all of which let execution issue.

## ORDER ON RECONSIDERATION

THIS MATTER is before the Court upon Plaintiff Barbara Peress's Motion For Reconsideration Of Order Granting Attorney's Fees (DE 24). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

This case was brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (2006) (hereinafter "FLSA"), for unpaid overtime wages. A Default Final Judgment was entered against Defendant, and the Court then awarded Plaintiff a reasonable award of attorney's fees. She now moves under Federal Rule of Civil Procedure 59(e) for the Court to reconsider its award.

There are four basic grounds upon which a district court may grant a Rule 59(e) Motion: to correct manifest errors of law or fact upon which judgment was based, to present newly discovered evidence, to prevent manifest injustice, or that there has been an intervening change in controlling law. *See* 11 Wright, Miller, & Kane, Federal Practice and Procedure: 2d § 2810.1 (West 1995). A court's reconsideration of its own orders is an "extraordinary remedy and should be used sparingly." *Id.* In her instant Motion (DE 24), Plaintiff does not claim that any errors of law were committed but argues only that the Court was ignorant of the record and derelict in its analysis.

In this vein, Plaintiff makes two arguments for why the Court should amend its judgment. First, she sought a lodestar of $325.00 an hour and the Court found a reasonable lodestar for her attorney's efforts at $250.00 an hour for work an attorney would perform and $100.00 an hour for clerical work that could and should be performed by a secretary. In opposition to Plaintiff's lodestar, Defendant argued that $325.00 was too great a sum and the low-end of Plaintiff's expert suggested lodestar of $295.00 was appropriate. Plaintiff argues that the Court's "curious" lack of citation to Defendant's opposing memorandum and its disregard of her expert's range was plain error. Second, she takes issue with the Court's reduction of the rate charged for certain hours because the work performed was non-legal or clerical in nature and, thus, properly billed at a secretarial rate. She posits that these points constitute clear error and should be remedied by entering an amended order to prevent manifest injustice. They surely do not.

Plaintiff takes particular issue with the fact that the Court did not reference opposing counsel's submission on the attorney's fees; in essence she is arguing that the Court's silence as to a pleading should be read as ignorance of the same. On the contrary, the second sentence of the Court's order sets forth that "the Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises." DE 23, p. 1. Encompassed within this statement is the Court has read the Parties' pleadings, is aware of the governing caselaw, and otherwise equipped to make its ruling. The Court did not reference Defendant's memorandum because it was unnecessary to do so. But counsel should recognize the Court's agreement with Defendant's argument on pages and 3 and 4 of its Response (DE 22), when it cut much of the administrative time.

The Court's award of $250.00 as a lodestar was based on the facts before the Court, including a reasonable rate in this market, the attorney's experience, the quality of work performed in this case, and all the pleadings filed herein. The Court is not bound by Defendant's concept of what a reasonable fee award is, nor is it necessary for the Court to grant a fee within the range set forth by Plaintiff's

expert. The Court is more than competent to make such a determination and in doing so it has surveyed the various fees it has recently granted. *See Godoy v. New River Pizza, Inc.*, 565 F.Supp.2d 1345, 1347 (S.D.Fla.2008).[1] It is also aware of the lodestars that have been awarded for work in other FLSA cases across this district. *E.g., Murray v. Playmaker Services, LLC*, 548 F.Supp.2d 1378, 1384 (S.D.Fla.2008). The Court is exercising its diligence when it increases or decreases the fee award based on the work performed. This was not a difficult case: it resulted in a Default Final Judgment. Plaintiff's counsel was not called upon to use any great expertise or skill in prevailing in this matter; he simply had to abide by Rule 55. He did not even have to move for a Clerk's default, the Court entered one *sua sponte*. *See* DE 8. There is no reason for the Court to revisit its determination that a lodestar of 5250.00 is reasonable for Plaintiff's counsel. There was no mistake of law or fact that this determination was based upon, and the Court was fully apprised when it made its ruling.

The second argument Plaintiff makes for altering the Court's judgment is that the Court did not painstakingly enumerate each deduction it was making for non-legal, clerical work that her attorney performed. Conceded. Again, however, Plaintiff's counsel equates the Court's silence with its ignorance or in this case lack of due diligence. Nothing requires the Court to go through and modify each billing entry. The Court's docket is crowded enough as it is without placing such a burden on its rulings. Here the Court made its award with fidelity to reasonableness and fairness, ensuring that Plaintiff was fully compensated for her attorney's fees and at the same time ensuring that

Defendant did not bear an excessive cost for work that a client would refuse to pay an attorney for.

Additionally, in the Court's Order stated, rather clearly, the principal it was applying: the Court would not award Plaintiff's counsel at a lodestar set for an attorney for work that should have been performed by a legal assistant. Many of the instances of such clerical work being performed by Plaintiff's counsel are self-evident. But for the benefit of the Parties and any reviewing court, the Court will articulate its thought process and how it came to the award it did.

■■■ First, this task was not made easier by Plaintiff counsel's billing records. There are three instances of block billing. Buried within these entries, including 8/27, 10/6, 11/7, are mostly compensable legal work; however, there is also work that the Court would consider non-legal, or work to be performed by a legal secretary. These instances include e-filing, on-line research regarding Defendants addresses and corporate structure, opening separate emails of documents that Plaintiff's counsel filed, preparing the civil cover sheet and summonses. While this work is necessary to litigate a case, it hardly calls upon the skills and training of an attorney billing at $250.00 an hour. Because the time records do not reflect how much time each instance of this work took, the Court reduced each instance by .1 and sometimes .2 depending on whether it was reasonable within the given time frame. Similarly, the Court also did not compensate Plaintiff's counsel at a rate of $250.00 an hour for e-filing and reviewing the same filing each time it was recorded. These dates include 9/1, 9/5, 9/25, 10/6, 10/7, 10/22

---

**1.** Plaintiff also takes issue with the fact that two years ago her attorney was awarded a higher lodestar in a similar case. If anything

has changed in the time between the summer of 2007 and now, it is what the market bears for FLSA work.

(where Plaintiff's counsel billed for each separate document he opened), and 11/7.

 The Court was also incredulous that an amended complaint, which was simply a cut-and-paste form, was necessarily performed by an attorney. Plaintiffs actual motion for attorney's fees was also largely discounted as secretarial work. It was a form through and through—one that Plaintiff's attorney did not bother to proofread before filing, as he would have encountered the wrong party's name being used. *See* DE 19, p. 7. This filing with its exhibits did not take any legal skill or analysis; it was not original or particularly modified to the instant case. It was a form, better prepared by a secretary. Because it did not demand any legal expertise the Court reduced the award for this work to the rate commensurate with such duties: $100.00. There was no legal or factual error affecting the Court's calculations that would mandate an amended order.

Plaintiff also seeks an award of additional costs for his expert affidavit by Mr. Sharp, Esq. and moves the Court that its exclusion of this cost is a manifest error. DE 24, ¶ 5. The Court's Order was silent as to which costs it was awarding Plaintiff for because it awarded her all costs sought. Exhibit 2 of her Motion (DE 19) consists of her attorney's billing and time sheet, which lists costs in the amount of $420.00. She has $350.00 for the Complaint and $70.00 for service of process for both Defendants. DE 19, Ex. 2. The body of the Motion also sought $70.00 for the expert fee. Plaintiff sought $490.00 and that is what was awarded. There was no error or inconsistency in the Court's calculation.

The Court finds no reason to alter its ruling. It thoroughly reviewed the record and engaged in a disciplined analysis of Plaintiff's billing statements when it made its ruling. No legal or factual error is raised in Plaintiff's Motion (DE 24) that would compel the Court to revisit its prior determination.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Barbara Peress's Motion For Reconsideration Of Order Granting Attorney's Fees (DE 24) be and the same is hereby **DENIED.**