[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2011
JOHN LEY
CLERK

No. 10-15770
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-01233-JEC

BOSCO A. KANTE,

Plaintiff-Appellant,

versus

COUNTRYWIDE HOME LOANS,
CHICAGO TITLE INSURANCE COMPANY,
GREENPOINT MORTGAGE FUNDING, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
MCCURDY & CANDLER L.L.C.,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Bosco A. Kante, proceeding *pro se*, appeals from the district court's post-judgment orders in his action arising from the foreclosure on his home. He argues, first, that the district court abused its discretion in denying his motion for reconsideration of the dismissal of his complaint. Second, he argues that the court abused its discretion in denying his motion for an extension of time to appeal the dismissal of the complaint. Finally, he argues that District Judge Julie Carnes erred in ruling on his motion to recuse her, rather than asking a different judge to rule on the motion in her place. For the reasons set forth below, we affirm.

## I.

Kante entered into a purchase-money mortgage with Greenpoint Mortgage Funding, Inc. ("Greenpoint") in March 2007, in order to finance the purchase of his Atlanta home. On May 1, 2009, he received a letter from McCurdy & Candler, LLC, a law firm representing Mortgage Electronic Registration Systems, Inc. ("MERS"), which stated that Kante was in default on his mortgage and owed an amount in excess of $325,000. When Kante failed to remedy the default, a foreclosure sale was scheduled for June 2, 2009. On May 8, 2009, Kante filed a *pro se* complaint against: Countrywide Home Loans ("Countrywide"); Greenpoint;

2

MERS (collectively "the mortgagee defendants"); McCurdy & Candler; Chicago Title Insurance Company ("Chicago Title"); and various unidentified parties. The foreclosure sale was postponed during the pendency of the litigation.

Kante's 42-page complaint alleged approximately 14 claims[1] and sought as relief: (1) rescission of the loan; (2) quiet title to the property; (3) a refund of any money or property paid by Kante to the defendants, apparently including mortgage payments, and relinquishment of the right to retain any proceeds; (4) damages equal to twice the finance charges on his mortgage payments; (5) costs and

---

[1] Kante's claims included: (1) the mortgagee defendants and McCurdy & Candler committed a fraud when they misrepresented to him that he had defaulted on a loan to MERS and, as a consequence, foreclosed on his home, despite MERS's lack of standing to do so; (2) Greenpoint, MERS, Chicago Title, and others had conspired to place him and others into default and foreclosure; (3) Greenpoint committed appraisal fraud, fraud in the inducement, fraud in the execution, and usury, in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (4) as part of the scheme to defraud, Countrywide wrongfully reported incorrect information about Kante to one or more credit-reporting agencies, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; (5) the defendants violated the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, by engaging in a pattern and practice of extending credit to Kante and others without consideration of their ability to repay the loans; (6) the defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, by "accept[ing] charges for the rendering of real estate services which were in fact for things other than services actually performed"; (7) the defendants violated TILA by failing to disclose certain finance charges that were imposed on Kante incident to the extension of credit; (8) the defendants committed fraudulent misrepresentation by intentionally concealing material information that they were required by federal law to disclose; (9) the defendants committed a breach of fiduciary duty by fraudulently inducing him to enter into a mortgage transaction that was contrary to his stated intentions and interests; (10) the defendants were unjustly enriched at Kante's expense; (11) the defendants engaged in a civil conspiracy to defraud Kante; (12) the defendants engaged in a racketeering enterprise; (13) Kante was entitled to quiet title; and (14) the defendants engaged in usury and fraud by "trick[ing]" him into taking out a loan on which interest was collected in excess of the legal rate.

3

attorney fees; (6) a restraining order and injunction preventing the foreclosure sale of his home; and (7) other actual, statutory, and punitive damages to be determined at trial.

Chicago Title answered the complaint. The mortgagee defendants moved to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), alleging that (1) the complaint was a shotgun pleading; (2) most of the claims were alleged collectively against the "defendants," including several John Does and John Roes, without setting forth which specific defendant committed each action; (3) several statutory claims were time-barred, did not provide for the relief sought, or had not been administratively exhausted; and (4) several of Kante's other claims failed as a matter of law. McCurdy & Candler also moved to dismiss pursuant to Rule 12(b), for failure to state a claim, lack of personal jurisdiction, and insufficient service of process, alleging in particular that the complaint failed to meet pleading standards and that at least one claim failed as a matter of law.

The magistrate judge recommended (1) granting McCurdy & Candler's motion on the basis of insufficient service of process, and (2) granting the mortgagee defendants' motion on the basis of failure to state a claim. Kante objected to the report, closing with the request, "Plaintiff prays the court will allow the [c]omplaint to be amended should it deem an amendment is necessary."

On March 24, 2010, the district court rejected the magistrate's recommended disposition of McCurdy & Candler's motion and, instead, granted both motions on grounds of failure to state a claim. The complaint also was dismissed as to the unidentified defendants. The court noted Kante's request for leave to amend the complaint, but it found that he had not indicated the amendments he would make or how such amendments would correct the deficiencies in the complaint. It concluded that amendments could not save the "shotgun, frivolous pleading" and would only create further delay and injustice. Accordingly, Kante's case was dismissed against all of the defendants except Chicago Title. On June 16, 2010, Kante voluntarily dismissed his complaint against Chicago Title without prejudice.

On August 3, 2010, Kante filed three motions. First, he filed a "motion for recusal" alleging that Judge Carnes was biased and prejudiced against him personally, as evidenced by several passages in the March 24th order and in orders in a later-filed case against many of the same defendants. Second, he moved for reconsideration of the March 24th order, asserting that the mortgagee defendants, who also were defendants in his later-filed case, had identified U.S. Bank as one of the anonymous defendants in the instant case. Kante believed that this constituted an admission that the mortgagee defendants had no right to foreclose

5

on his home, and, thus, he asked the court to reopen the case so that he could amend the complaint with this information and engage in limited discovery. Third, Kante filed a motion for extension of time to appeal from the March 24th order, on grounds that the defendants' alleged fraudulent concealment of material facts, in the form of the belated "admission" regarding U.S. Bank, constituted good cause for filing the out-of-time appeal.

McCurdy & Candler and the mortgagee defendants (collectively "the appellees") opposed the motions for recusal and an extension of time. They further opposed the motion for reconsideration, noting in particular that they had made no admissions regarding U.S. Bank's status or their own right to foreclose, but had merely drawn the logical conclusion, from Kante's allegations, that U.S. Bank appeared to be one of the unidentified trustees named in the complaint.

Judge Carnes found that the motion for recusal, in essence, merely expressed disagreement with the court's prior rulings and its reasoning, which was an insufficient basis for recusal. She further found that Kante had not offered any persuasive reason why either the motion for reconsideration or the motion for extension of time should be granted. Accordingly, the court denied all three motions.

II.

We review for abuse of discretion the district court's denial of a motion for reconsideration. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007). "[A] motion to reconsider should not be used by the parties to set forth new theories of law" or "'to raise arguments which could, and should, have been made before the judgment was issued.'" *Mays v. U.S. Postal Svc.*, 122 F.3d 43, 46 & n.5 (11th Cir. 1997) (quoting *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)). In order to use previously unsubmitted evidence to support the motion to reconsider, the movant must show that the evidence was unavailable during the pendency of the proceedings. *Id.* at 46.

Kante argued in his motion for reconsideration that the mortgagee defendants had recently identified U.S. Bank as both "the true creditor" and one of the "John Doe" defendants, and that he should be permitted to amend his complaint to include this information. Although he suggested that this information would be relevant to a number of his claims, he merely made conclusory assertions that (1) he would be able to plead with specificity in an amended complaint, (2) claims that had not been viable against the other lenders would be viable against this lender, and (3) other claims that had not been deemed viable against the mortgagee defendants, such as breach of fiduciary duty, would become viable if it were revealed that the mortgagee defendants were not the

actual lenders.  Furthermore, nothing in the record suggests that the district court failed to consider the statutes Kante referenced in his reconsideration motion. Under the circumstances, Kante has not shown that the court abused its discretion in finding that his motion did not offer sufficient grounds for reconsidering the dismissal of the complaint.  *See Corwin*, 475 F.3d at 1254.

## III.

We review for abuse of discretion the district court's ruling on a motion for extension of time to appeal.  *See Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997).  An appeal in a civil action must be filed within 30 days of entry of the appealable judgment or order.  Fed.R.App.P. 4(a)(1)(A).  The district court may extend the time to file a notice of appeal if (1) the party moves for an extension no later than 30 days after the expiration of the time limit in Rule 4(a), and (2) the party's motion shows excusable neglect or good cause for his failure to comply with the deadline.  Fed.R.App.P. 4(a)(5)(A)(i)-(ii); *see Advanced Estimating*, 130 F.3d at 998.  We do not consider evidence that was not made a part of the record in the district court.  *See Gore v. Sec'y for Dept. of Corr.*, 492 F.3d 1273, 1281 n.12 (11th Cir. 2007).

Kante's brief on appeal argues only that the extension should be granted due to the district court's alleged error in denying leave to amend in the March 24th

order.  This conclusory assertion merely reiterates his argument regarding the motion for reconsideration, and it is inapposite to whether Kante established excusable neglect or good cause for missing the deadline to file his notice of appeal.  *See* Rule 4(a)(5)(A)(ii); *Advanced Estimating*, 130 F.3d at 998. Furthermore, Kante's motion in the district court relied only on the appellees' alleged fraudulent concealment of U.S. Bank's identity.  Again, this fact does not explain why Kante missed the deadline to file a notice of appeal, *see* Rule 4(a)(5)(A)(ii); *Advanced Estimating*, 130 F.3d at 998, and it had no bearing on the merits of his appeal, as we would not have considered it, *see Gore*, 492 F.3d at 1281.  Accordingly, the district court did not abuse its discretion in finding that Kante had failed to establish grounds for extending the time to appeal from the March 24th order.  *See Advanced Estimating*, 130 F.3d at 997.

## IV.

A district court's denial of a recusal motion is reviewed for abuse of discretion.  *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994).  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Disqualification under [§] 455(a) is required only when the alleged bias is personal in nature," meaning that it stems from an extra-judicial

source. *Loranger*, 10 F.3d at 780. "Thus, as a general rule, a judge's rulings in the same case are not valid grounds for recusal." *Id.* When a party files a sufficient affidavit showing that a district court judge has a personal bias against him, the judge must stop participating and the case must be reassigned to another judge. 28 U.S.C. § 144.

Kante's argument on appeal, that § 144 required a different judge to rule on his motion for recusal, is incorrect. Section 144 states only that another judge must take over the case if a party's recusal request is found to be sufficient, not that another judge must determine whether the recusal request is sufficient. Thus, Kante has not shown that Judge Carnes erred in ruling on the motion herself. Furthermore, broadly construing Kante's *pro se* brief to include a challenge to the merits of the denial of his motion, *see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), the motion stated only that several of Judge Carnes's adverse rulings indicated that she was biased against him. As a judge's rulings generally are not valid grounds for recusal, the court did not abuse its discretion in denying the motion. *See Loranger*, 10 F.3d at 779-80.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

10