[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2012
JOHN LEY
CLERK

No. 11-10478
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-22967-JLK


JAY LIEBMAN, et al.,

                                                       Plaintiffs-Appellants,

versus


DEUTSCHE BANK NATIONAL TRUST CO., et al.,

                                                       Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 23, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* plaintiff-appellants Jay and Andrea Liebman (the Liebmans) appeal the dismissal of their complaint against Deutsche Bank, Ocwen Loan Servicing, and a number of named individuals (collectively Deutsche Bank). The Liebmans raise three arguments on appeal: (1) the district court lacked subject-matter jurisdiction over this case; (2) the district court erred by dismissing their complaint; and (3) the district court abused its discretion by denying their motion for recusal and reconsideration. After a thorough review of the record, we affirm.

In July 2010, the Liebmans filed a civil complaint against Deutsche Bank in state court as representatives of a putative class of similarly situated individuals, alleging mortgage fraud and various other state-law claims, as well as violations of 42 U.S.C. §§ 1983 and 1985; Article I, § 10 of the U.S. Constitution; and the Ninth and Fourteenth Amendments. The defendants removed the complaint to federal court citing both federal-question and diversity jurisdiction. Thereafter, the defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 8(a), 9, 12(b)(6), and 23(a)(4).

The district court dismissed the complaint without prejudice, giving the Liebmans leave to file an amended complaint. Although the Liebmans filed a document styled as an "Amended Complaint," the filing challenged the removal of the complaint to federal court, and was thus construed as a motion for remand.

2

Thereafter, the district court issued a final order of dismissal, finding that the Liebmans had not complied with the court's order. The Liebmans then filed a motion for recusal and reconsideration, asserting that the district court was biased and that their complaint should be remanded to state court. The district court summarily denied the motion. This is the Liebmans' appeal.[1]

I.

We review *de novo* whether the district court had subject-matter jurisdiction following removal. *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780-81 (11th Cir. 2005).

District courts have federal-question jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting 28 U.S.C. § 1331). Whether a claim "arises under" federal law is determined by the well-pleaded complaint rule, which provides for federal-question jurisdiction when a federal question is presented on the face of the plaintiffs' properly pleaded complaint. *Id.* A district court may also exercise supplemental jurisdiction over

---

[1] We disagree with Deutsche Bank that there is no final order and that we therefore lack appellate jurisdiction. "[W]here an order dismisses a complaint with leave to amend within a specified period, the order becomes final (and therefore appealable) when the time period allowed for amendment expires." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 (11th Cir. 2006) (citation omitted). In this case, the time to file an amended complaint had expired when the court issued the final order of dismissal.

state-law claims that form part of the federal case or controversy, or, more specifically, "arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006); *see* 28 U.S.C. § 1367. A claim premised on federal-question jurisdiction is removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b).

Here, the Liebmans' complaint alleged violations of federal law by Deutsche Bank, and therefore, the complaint was properly removed to federal court pursuant to 28 U.S.C. § 1441(b). The district court was also entitled to exercise its supplemental jurisdiction over the Liebmans' state-law claims pursuant to 28 U.S.C. § 1367.

## II.

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to . . . comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). We review a Rule 41(b) dismissal without prejudice for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Although "dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v.*

*Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Rule 8 requires that a complaint contain "a short and plain statement" of the grounds for relief, and that each allegation be pleaded in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2), (d)(1). The complaint must give the defendants fair notice of the bases for relief and the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A pleading that uses just labels and conclusions or a formulaic recitation of the elements of a cause of action will not meet Rule 8(a)(2). *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotations and citations omitted).

We have routinely condemned "shotgun" pleadings. *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008). A "shotgun pleading" is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are

5

intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Even construing the Liebmans' complaint liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), our review confirms that the Liebmans have filed what amounts to an improper shotgun pleading. The complaint named numerous individual defendants in addition to several business entities. The complaint alleged numerous violations of state and federal law, but did not provide any explanation of how the defendants' actions violated those laws. The Liebmans also failed to allege why the purported violations entitled them to their requested relief. Accordingly, the district court properly granted Deutsche Bank's motion to dismiss.

Moreover, the district court instructed the Liebmans to file an amended complaint, curing these deficiencies. The Liebmans failed to comply with the court's instruction. The court was therefore permitted to dismiss the complaint for failure to comply with its order. *Byrne v. Nezhat*, 261 F.3d 1075, 1129–34 (11th Cir. 2001) (discussing shotgun pleadings and approving of dismissal as a remedy when a party fails to cure the deficiency).

## III.

We review a district court's denial of motions for recusal and for

reconsideration for an abuse of discretion. *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (recusal motions); *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007) (motions for reconsideration).

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself if his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) requires disqualification under specific circumstances, including situations where a judge has a personal bias or prejudice concerning a party, has participated as counsel in the matter, or has a financial interest in the matter. 28 U.S.C. § 455(b)(1), (2), (4). The judge's bias or prejudice must be personal and extrajudicial, and must derive from something other than what the judge learned by participating in the case. *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). The standard under § 455 is an objective one, requiring the district court to ask whether a disinterested observer, fully informed of the facts underlying the grounds on which recusal was sought, would entertain a significant doubt about the judge's impartiality. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). As a general rule, a judge's rulings in a case are not valid grounds for recusal. *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994).

Here, the district court did not abuse its discretion in denying the Liebmans' motion for recusal because their arguments regarding the necessity of

7

recusal rested solely on the district court's judicial rulings, which are not valid grounds for a recusal motion. *Loranger*, 10 F.3d at 780. We see no other evidence in the record from which a reasonable observer could draw any doubt about the judge's impartiality. *Story*, 225 F.3d at 1239.

We therefore affirm the district court's denial of the Liebmans' motion for recusal. Additionally, because recusal was the basis for the Liebmans' motion for reconsideration, and there were no grounds requiring recusal, the district court properly denied the Liebmans' motion for reconsideration.

**AFFIRMED.**