[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11430

Non-Argument Calendar

_____

DANNY K. HO,

Plaintiff-Appellant,

*versus*

ATTORNEY GENERAL, STATE OF FLORIDA,
GOVERNOR OF FLORIDA,
COMMISSIONER OF THE FLORIDA DEPARTMENT OF LAW
ENFORCEMENT,
CHIEF FINANCIAL OFFICER OF FLORIDA,
FLORIDA COMMISSIONER OF AGRICULTURE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02309-MSS-CPT

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Danny Ho, proceeding *pro se*, appeals from the district court's order granting the Defendants'[1] motion to dismiss his *pro se* amended complaint raising a claim pursuant to the Equal Protection Clause of the Fourteenth Amendment. On appeal, he argues that the district court abused its discretion by dismissing his amended complaint with prejudice. He also contends that the district court abused its discretion by denying his motions for recusal. For the following reasons, we affirm.

## I.

On July 12, 2021, Ho filed a complaint against the Defendants, purporting to raise three claims: (1) a "procedural error" at Tampa International Airport ("TPA"); (2) a violation of the United States District Court for the Middle District of Florida's former

---

[1] The Defendants in this case are the Florida Attorney General, Governor of Florida, the Commissioner of the Florida Department of Law Enforcement, the Chief Financial Officer of Florida, and the Florida Commissioner of Agriculture.

Local Rule 1.03(b) by the clerk and a district court judge; and (3) a failure to prosecute. From our reading of that complaint, Ho's claims are based on his suspension from a job at TPA due to problems with his security badge application and his Federal Bureau of Investigation background report. The Defendants moved for a more definite statement, arguing that Ho's complaint was ambiguous and vague. Ho opposed that motion. Ho also filed a motion labeled as one for summary judgment, as well as a motion arguing for recusal of Judge Scriven, the district court judge assigned to his case.

On October 28, 2021, the district court granted the Defendants' motion and dismissed Ho's complaint without prejudice, reasoning that the complaint was so vague and ambiguous that the Defendants could not reasonably prepare a response, that the basis of jurisdiction was unpled, and that the claims were impermissibly lumped together. The court stated that Ho had fourteen days to file an amended complaint to cure these defects, "including, but not limited to, removing any Defendant having no involvement in his claimed injury and removing any judge sued for actions based solely on his or her exercise of duties as a judicial officer." The district court also denied Ho's motion for recusal in a separate order.

Ho subsequently filed an amended complaint suing the same five defendants. Ho asserted a claim pursuant to the Equal Protection Clause of the Fourteenth Amendment for the Defendants' failure to prosecute the clerk's violation of former Local Rule

1.03(b). He also claimed that he was a crime victim protected by the Crime Victims' Right Act ("CVRA"), 18 U.S.C. § 3771. As to the five defendants, Ho did not provide any further specific allegations against them besides asserting that they had put his case on hold by moving for a more definite statement. Ho also purported to add additional defendants in the body amended complaint, including Judge Scriven and two other district court judges, the clerk, Chief Executive Officer of Tampa International Airport Joe Lopano, and Hillsborough County Aviation Authority Chairman Robert Watkins, and raised various grievances against them. Ho also filed another motion for recusal against Judge Scriven.

The Defendants moved to dismiss Ho's amended complaint with prejudice, arguing that it was a shotgun pleading because it contained pages of irrelevant facts, commingled the allegations against the defendants and non-parties, and failed to separate each cause of action into different counts. They also argued that they were entitled to Eleventh Amendment Immunity and that Ho failed to state a claim against them.

The district court granted the Defendants' motion to dismiss with prejudice. The court explained that Ho had not even tried to comply with its prior instructions to remove from his complaint defendants with no involvement in his claimed injury and judges sued solely pursuant to their acts as judicial officers. The court also noted that Ho had been designated a vexatious litigant in a different case and warned Ho that continued submission of future frivolous or actions may result in the imposition of monetary sanctions. The

district court also denied Ho's motion for summary judgment[2] and motion for recusal.

This appeal ensued.

## II.

We review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). A complaint is a shotgun pleading if it contains pervasive conclusory, vague, and immaterial facts not connected to a specific claim. *Id.* at 1324–25. A court should provide a plaintiff one opportunity to amend his shotgun complaint before dismissing his action. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id.* But if the plaintiff files an amended complaint without substantially fixing the deficiencies in the original complaint, dismissal with prejudice is warranted. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018).

---

[2] Ho has abandoned any argument that the district court erred by dismissing his motion for summary judgment. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681, 683 (11th Cir. 2014) (explaining that An issue is abandoned if it is (1) not prominently raised on appeal, (2) raised without supporting arguments and authorities, or (3) raised for the first time in a reply brief). As a separate note, we find that his challenges related to his other district court cases are not within the scope of this appeal and do not address them.

Here, even construing Ho's amended complaint liberally given his *pro se* status, *see Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998), the district court did not abuse its discretion by dismissing the amended complaint as a shotgun pleading. The amended complaint contained many conclusory and vague allegations, largely raised allegations about the actions of non-parties, and failed to raise specific allegations related to the defendants. *See Barmapov*, 986 F.3d at 1324–25. The district court was also within its discretion to dismiss the amended complaint with prejudice after it gave Ho one opportunity to fix these deficiencies, which the court explained to Ho in its order dismissing the original complaint, but Ho failed to do so. *See Vibe Micro, Inc.*, 878 F.3d at 1296; *Jackson*, 898 F.3d at 1358-59. And "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Accordingly, we affirm the district court's dismissal of the amended complaint.

### III.

We review the denial of a motion to recuse for abuse of discretion. *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994) (en banc). Federal law requires judges to disqualify themselves if their impartiality might reasonably be questioned, where they have personal knowledge of disputed evidentiary facts, or where they

have an interest that could be substantially affected by the outcome of the proceeding. 28 U.S.C. § 455. An allegation of bias must be personal, rather than judicial, in nature, and generally cannot be based on the judge's rulings in related cases. *Phillips v. Joint Legis. Comm. on Performance & Expenditure Rev. of Miss.*, 637 F.2d 1014, 1020 (5th Cir. 1981)[3]; *accord Loranger*, 10 F.3d at 780 (explaining that, for a bias to be personal, it must stem from an extrajudicial source).

Here, the district court did not abuse its discretion by denying Ho's motions for recusal. As an initial matter, there is no indication in the record that Ho's motions for recusal were tampered with, as he alleges. Additionally, as the district court concluded, the motions did not coherently establish any grounds for recusal under § 455. Indeed, Ho based his requests for recusal on actions the judge had previously taken in her judicial capacity. *See id.* Accordingly, we affirm the denial of Ho's motions for recusal.

## IV.

For the reasons stated, we affirm the district court's orders dismissing Ho's amended complaint and denying his motions for recusal.

**AFFIRMED.**

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.